

# United States District Court
### Eastern District of North Carolina
### Western Division

**Case No.** _____

(To be filled out by Clerk's Office only)

19CV774

BENSON MOORE

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

Inmate Number **0584589**

-against-

KENNETH LASSITER, ET AL

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

# COMPLAINT

*(Pro Se Prisoner)*

Jury Demand?
☑ Yes
☐ No

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## I.     COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☑     42 U.S.C. § 1983 (state, county, or municipal defendants)

☐     Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐     Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II.    PLAINTIFF INFORMATION

BENSON MOORE
_____
Name

0584589
_____
Prisoner ID #

MOUNTAIN VIEW CORRECTIONAL INSTITUTION
_____
Place of Detention

545 AMITY PARK Rd.
_____
Institutional Address

SPRUCE PINE                    NC                    28777
_____
City                                   State               Zip Code

## III.   PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐     Pretrial detainee   ☐ State     ☐ Federal

☐     Civilly committed detainee

☐     Immigration detainee

☑     Convicted and sentenced state prisoner

☐     Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: _____ *-See Attachment -* _____

Name

_____

Current Job Title

_____

Current Work Address

_____

City           State         Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☐ Both

Defendant 2: _____

Name

_____

Current Job Title

_____

Current Work Address

_____

City           State         Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☐ Both

**DEFENDANT 1:**

Kenneth Lassiter
NAME

Director of Prisons
CURRENT JOB TITLE

831 W. Morgan St.
CURRENT WORK ADDRESS

CITY Raleigh     STATE NC     ZIP CODE 27693

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ☐    OFFICIAL ☐    BOTH ☑

**DEFENDANT 2:**

NAME Paula Smith

CURRENT JOB TITLE Deputy Dir. of Health Services

CURRENT WORK ADDRESS 831 W. Morgan St.

CITY Raleigh     STATE NC     ZIP CODE 27693

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ☐    OFFICIAL ☐    BOTH ☑

**DEFENDANT 3:**

NAME Tierra Catlett

CURRENT JOB TITLE Asst. Deputy Dir. of Health Services

CURRENT WORK ADDRESS 831 W. Morgan St.

CITY Raleigh     STATE NC     ZIP CODE 27693

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ☐    OFFICIAL ☐    BOTH ☑

**DEFENDANT 4:**

NAME Dora Plummer

CURRENT JOB TITLE Asst. of Health Services

CURRENT WORK ADDRESS 831 W. Morgan St.

CITY Raleigh     STATE NC     ZIP CODE 27693

CAPACITY IN WHICH BEING SUED:     INDIVIDUAL ☐     OFFICIAL ☐     BOTH ☑

**DEFENDANT 5:**

NAME Trisha Jordan

CURRENT JOB TITLE Asst. of Health Services

CURRENT WORK ADDRESS 831 W. Morgan St.

CITY Raleigh     STATE NC     ZIP CODE 27693

CAPACITY IN WHICH BEING SUED:     INDIVIDUAL ☐     OFFICIAL ☐     BOTH ☑

**DEFENDANT 6:**

NAME George Solzman

CURRENT JOB TITLE Former Dir. of Prisons

CURRENT WORK ADDRESS 831 W. Morgan St.

CITY Raleigh     STATE NC     ZIP CODE 27693

CAPACITY IN WHICH BEING SUED:     INDIVIDUAL ☐     OFFICIAL ☐     BOTH ☑

DEFENDANT 7:

NAME Joseph Valliere

CURRENT JOB TITLE Superintendent At Peidmont Correctional Inst.

CURRENT WORK ADDRESS 1245 Camp Rd.

CITY Salisbury    STATE NC    ZIP CODE 28147

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ☐    OFFICIAL ☐    BOTH ☑

DEFENDANT 8:

NAME Katy Poole

CURRENT JOB TITLE Superintendent At Scotland Correctional Inst.

CURRENT WORK ADDRESS 22383 McGirts Bridge Rd.

CITY Laurinburg    STATE NC    ZIP CODE 28352

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ☐    OFFICIAL ☐    BOTH ☑

DEFENDANT 9:

NAME Mike Slagle

CURRENT JOB TITLE Superintendent At MountainView Correctional Inst.

CURRENT WORK ADDRESS 545 Amity Park Rd.

CITY Spruce Pine    STATE NC    ZIP CODE 28777

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ☐    OFFICIAL ☐    BOTH ☑

DEFENDANT 10:

NAME Dexter Gibbs

CURRENT JOB TITLE Asst. Superintendent of Programs at Mountain View C.I

CURRENT WORK ADDRESS 545 Amity Park Rd.

CITY Spruce Pine   STATE NC   ZIP CODE 28777

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑

DEFENDANT 11:

NAME Robert Mask

CURRENT JOB TITLE Case Manager at MountainView Corr. Inst.

CURRENT WORK ADDRESS 545 Amity Park Rd.

CITY Spruce Pine   STATE NC   ZIP CODE 28777

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑

DEFENDANT 12:

NAME Nurse Richardson

CURRENT JOB TITLE Supervisor Nurse at Marion Corr. Inst.

CURRENT WORK ADDRESS 355 Old Glenwood Rd.

CITY Marion   STATE NC   ZIP CODE 28752

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑

DEFENDANT 13:

NAME NORMA MELTON

CURRENT JOB TITLE SUPERVISOR NURSE AT MountainView Corr. Inst.

CURRENT WORK ADDRESS 545 Amity Park Rd.

CITY Spruce Pine  STATE NC  ZIP CODE 28777

CAPACITY IN WHICH BEING SUED: INDIVIDUAL ☐  OFFICIAL ☐  BOTH ☑

DEFENDANT 14:

NAME Kella Phillips

CURRENT JOB TITLE UNIT MANAGER AT MountainView Corr. Inst.

CURRENT WORK ADDRESS 545 Amity

CITY Spruce Pine  STATE NC  ZIP CODE 28777

CAPACITY IN WHICH BEING SUED: INDIVIDUAL ☐  OFFICIAL ☐  BOTH ☑

DEFENDANT 15:

NAME Ms. Slater

CURRENT JOB TITLE Mental Health Anaylsis at MountainView Corr. Inst.

CURRENT WORK ADDRESS 545 Amity Park Rd.

CITY Spruce Pine  STATE NC  ZIP CODE 28777

CAPACITY IN WHICH BEING SUED: INDIVIDUAL ☐  OFFICIAL ☐  BOTH ☑

**DEFENDANT 16:** _____

NAME Donald Grindstaff

CURRENT JOB TITLE Captain at MountainView Corr. Inst.

CURRENT WORK ADDRESS 545 Amity Park Rd.

CITY Spruce Pine    STATE NC    ZIP CODE 28777

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ☐    OFFICIAL ☐    BOTH ☑


**DEFENDANT 17:** _____

NAME Carol Bosholm

CURRENT JOB TITLE Doctor At Piedmont Corr. Inst.

CURRENT WORK ADDRESS 1245 Camp Rd.

CITY Salisbury    STATE NC    ZIP CODE 28147

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ☐    OFFICIAL ☐    BOTH ☑


**DEFENDANT 18:** _____

NAME Kevin Chung

CURRENT JOB TITLE Doctor At Marion Corr. Inst.

CURRENT WORK ADDRESS 355 Old Glenwood Rd.

CITY Marion    STATE NC    ZIP CODE 28752

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ☐    OFFICIAL ☐    BOTH ☑

**DEFENDANT 19:**

NAME _Jane Doe #1_

CURRENT JOB TITLE _Doctor At Scotland Corr. Inst._

CURRENT WORK ADDRESS _22383 McGirts Bridge Rd._

CITY _Laurinburg_     STATE _NC_     ZIP CODE _28352_

CAPACITY IN WHICH BEING SUED:     INDIVIDUAL ☐     OFFICIAL ☐     BOTH ☑


**DEFENDANT 20:**

NAME _John Doe #1_

CURRENT JOB TITLE _Doctor At Scotland Corr. Inst._

CURRENT WORK ADDRESS _22383 McGirts Bridge Rd._

CITY _Laurinburg_     STATE _NC_     ZIP CODE _28352_

CAPACITY IN WHICH BEING SUED:     INDIVIDUAL ☐     OFFICIAL ☐     BOTH ☑


**DEFENDANT 21:**

NAME _Francis Labore_

CURRENT JOB TITLE _Physician Assistant at Marion Corr. Inst._

CURRENT WORK ADDRESS _355 Old Glenwood Rd._

CITY _Marion_     STATE _NC_     ZIP CODE _28752_

CAPACITY IN WHICH BEING SUED:     INDIVIDUAL ☐     OFFICIAL ☐     BOTH ☑

DEFENDANT 22:

NAME Melanie Alvarado

CURRENT JOB TITLE Physician Assistant at Peidmont Corr. Inst.

CURRENT WORK ADDRESS 1245 Camp Rd.

CITY Salisbury   STATE NC   ZIP CODE 28147

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑


DEFENDANT 23:

NAME Jeffery Patane

CURRENT JOB TITLE Physician Assistant at Mountain View Corr. Inst.

CURRENT WORK ADDRESS 545 Amity Park Rd.

CITY Spruce Pine   STATE NC   ZIP CODE 28777

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑


DEFENDANT 24:

NAME Ruth Long

CURRENT JOB TITLE Nurse at Peidmont Corr. Inst.

CURRENT WORK ADDRESS 1245 Camp Rd.

CITY Salisbury   STATE NC   ZIP CODE 28147

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑

DEFENDANT 25:

NAME Nurse Williams

CURRENT JOB TITLE Register Nurse at Marion Corr. Inst.

CURRENT WORK ADDRESS 355 Old Glenwood Rd.

CITY Marion          STATE NC          ZIP CODE 28752

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑

DEFENDANT 26:

NAME Valerie Johns

CURRENT JOB TITLE Nurse at Peidmont Corr. Inst.

CURRENT WORK ADDRESS 1245 Camp Rd.

CITY Salisbury          STATE NC          ZIP CODE 28147

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑

DEFENDANT 27:

NAME Brandon Barrier

CURRENT JOB TITLE Nurse at MountainView Corr. Inst.

CURRENT WORK ADDRESS 545 Amity Park Rd.

CITY Spruce Pine          STATE NC          ZIP CODE 28777

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑

DEFENDANT 28:

NAME **Sergeant Shepard**

CURRENT JOB TITLE **Warehouse Sergeant at MountainView Corr. Inst.**

CURRENT WORK ADDRESS **545 Amity Park Rd.**

CITY **Spruce Pine**   STATE **NC**   ZIP CODE **28777**

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑


DEFENDANT 29:

NAME **Joshua McKinney**

CURRENT JOB TITLE **Clothshouse Sergeant at MountainView Corr. Inst.**

CURRENT WORK ADDRESS **545 Amity Park Rd.**

CITY **Spruce Pine**   STATE **NC**   ZIP CODE **28777**

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑


DEFENDANT 30:

NAME **Nurse J. Campbell**

CURRENT JOB TITLE **Nurse at MountainView Corr. Inst.**

CURRENT WORK ADDRESS **545 Amity Park Rd.**

CITY **Spruce Pine**   STATE **NC**   ZIP CODE **28777**

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑

DEFENDANT 31:

NAME Clarence Ellis

CURRENT JOB TITLE Doctor at Piedmont Corr. Inst.

CURRENT WORK ADDRESS 1245 Camp Rd.

CITY Salisbury          STATE NC          ZIP CODE 28147

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ❑    OFFICIAL ❑    BOTH ☑


DEFENDANT 22:

NAME Doctor Davis

CURRENT JOB TITLE Doctor at Warren Corr. Inst.

CURRENT WORK ADDRESS 379 Collins Rd.

CITY Manson          STATE NC          ZIP CODE 27553

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ❑    OFFICIAL ❑    BOTH ☑


DEFENDANT 33:

NAME Charlotte Evans

CURRENT JOB TITLE Doctor at Pasquotank Corr. Inst.

CURRENT WORK ADDRESS 527 Commerce Dr.

CITY Elizabeth City    STATE NC          ZIP CODE 27909

CAPACITY IN WHICH BEING SUED:    INDIVIDUAL ❑    OFFICIAL ❑    BOTH ☑

DEFENDANT 34:

NAME John Doe #2

CURRENT JOB TITLE Doctor at Marion Corr. Inst.

CURRENT WORK ADDRESS 355 Old Glenwood Rd.

CITY Marion   STATE NC   ZIP CODE 28752

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑


DEFENDANT 35:

NAME John Doe #3

CURRENT JOB TITLE Doctor at Maury Corr. Inst.

CURRENT WORK ADDRESS 2568 Moore Rouse Rd.

CITY Hookerton   STATE NC   ZIP CODE 28538

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑


DEFENDANT 36:

NAME Nurse Ayscue

CURRENT JOB TITLE Supervisor Nurse at Warren Corr. Inst.

CURRENT WORK ADDRESS 319 Collins Rd.

CITY Manson   STATE NC   ZIP CODE 27553

CAPACITY IN WHICH BEING SUED:   INDIVIDUAL ☐   OFFICIAL ☐   BOTH ☑

DEFENDANT 37:

NAME _Nurse Hubett_

CURRENT JOB TITLE _Nurse at Maury Corr. Inst._

CURRENT WORK ADDRESS _2568 Moore Rouse Rd._

CITY _Hookerton_     STATE _NC_     ZIP CODE _28538_

CAPACITY IN WHICH BEING SUED:     INDIVIDUAL ☐     OFFICIAL ☐     BOTH ☑

DEFENDANT:

NAME

CURRENT JOB TITLE

CURRENT WORK ADDRESS

CITY     STATE     ZIP CODE

CAPACITY IN WHICH BEING SUED:     INDIVIDUAL ☐     OFFICIAL ☐     BOTH ☐

DEFENDANT:

NAME

CURRENT JOB TITLE

CURRENT WORK ADDRESS

CITY     STATE     ZIP CODE

CAPACITY IN WHICH BEING SUED:     INDIVIDUAL ☐     OFFICIAL ☐     BOTH ☐

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _Peidmont, Scotland, Marion & Mountain View Corr. Inst._

Date(s) of occurrence: _Before & after alleged date of violation on December 1, 2017_

State which of your federal constitutional or federal statutory rights have been violated:

_42 USC 1983 (8th Amendment to the U.S Constitution), 42 USC 12131 &
29 USC 794 (a), 18 USC 242, NC Statue 735.40.7(5) & 90.22.21_

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

_See Attachment for Statement of Claim &
for Tort Claim Affidavit to be filed under
Supplemental Jurisdiction_

Who did what to you?

Case 1:20-cv-00058-MR   Document 2   Filed 07/30/19   Page 17 of 75

**V.** Statement of Claim

-Introduction-

1. Plaintiff brings this civil rights action under 42 USC 1983 alleging violations of the 8th Amendment to the United States Constitution demonstrating deliberate indifference to a serious medical need inflicting unreasonable pain & suffering to an unidentified debilitating injury with chronic & substantial pains as Defendant(s) inference has exacerbated Plaintiff's disability causing emotional distress & anxiety. Plaintiff also brings claim under Title II of American with Disabilities Act 42 U.S.C. 12131 and Rehabilitation Act 29 U.S.C. 794 (A) for denial of IRAR (Inmate Reasonable Accommodation Request)form. Plaintiff alleges violations of 18 U.S.C. 242 for Defendant(s) Jeffery Patane & Norma Melton nefarious actions of deprivation of medical accommodation/pain medication that produces physical torture and perpetuate pains increasing impairment of function (walking). Plaintiff also alleged state law violations of statutory duties under North Carolina General Statue # 735.40.7 (5) Standard Duty of Care & North Carolina General Statue #90.22.21 9A) Risk Management.

-Injury History-

2. Prior to incarceration (2003) Plaintiff suffered a broken femur bone from a football accident (1995) that resulted in a metal rod surgically inserted into Plaintiff's bone (femur). There was a post-surgical complication and a second operation was performed approximately one week later. Purpose of the second surgery was to insert (2) screws to stabilize the metal rod.

3. Prior to incarceration, Plaintiff was not being treated for any pains or symptoms associated with the surgery.

-Treatment History-

4. Plaintiff was administered to North Carolina Department of Public Safety in 2002 and in 2005 Plaintiff began receiving treatment for symptoms of severe pains, locking-up of the

1

hip joint (after periods of sitting or laying on metal bed/metal table/stool), popping/stiffness and a weakness (giving-out) of the hip joint, throbbing, swelling and numbness to the upper thigh area. Treatment began with an X-Ray of left hip/thigh area and Ibuprofen/800 MG-2 pills 3 times daily. In addition, Plaintiff was prescribed special accommodations such as thermals for lower extremities to combat pains from cold temperatures and an extra mattress for more cushion on sheet metal bed.

5.    Plaintiff's pains were assumed to be associated with his metal rod and at the age of twenty-eight Plaintiff was informed that due to the surgery there is probably arthritis in the injured leg possibility of always having pains. Through the years Plaintiff's pains increased and became aggravated by any physical activity even walking. The prison's harsh conditions such as the concrete flooring, inadequate installation, metal structuring intensified the Plaintiff's pains drastically.

6.    From 2005 - 2018, Plaintiff has been prescribed approximately 20 different OTC non-steroid anti-inflammatory/arthritis medications and approximately 7 X-Rays were done on Plaintiff's left hip/thigh. During this length of time when transferred to different facilities there would be lapse in pain medications and substitution of accommodations i.e. Plaintiff extra mattress would be substituted for a pillow to place under the hip. See Exhibit A (Grievances in 2005 & 2011). With no relief to Plaintiff's re-occurring pains and no diagnosis to justify symptoms and no attempts for additional exams to effectively diagnosis and treat Plaintiff was prescribed a psychosomatic medication (_Amitriptyline_). As pains increased Plaintiff would claim medical emergencies but medical staff refused to evaluate plaintiff due to being classified as a chronic pain inmate with no underlining etiology. As a result, sick-call process became pragmatic as staff would refer to Plaintiff's pains being psychological. Plaintiff would experience negative sarcastic comments, delays and denial of a thorough examination.

2

# EXHIBIT A

DC-410 (8/89)

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
### ADMINISTRATIVE REMEDY PROCEDURE

1. Inmate Name: Denson Moore    2. Inmate No.: 0684589

3. Location: 2c    4. Date: 11-23-05

5. Grievance Statement: ATTENTION: MS. WILLINGHAM (MEDICAL)
I am currently taking medication for pains that I have when trying to rest due to my condition that I have a metal rod inside my femur bone and screws inserted into my hip and knee area. My pains are mainly coming for me sleeping on this steel metal. Medical staff provided me with pain called ACETAMINOPHEN to take 3 times a day as needed but advised that they cause liver damage and thermals for any aches in the winter but as I tried to address them about providing me an extra mattress so there will be more cushion. I was rudely escorted out of medical they claim because my wounds are heal properly I shouldn't have pains it's just like sleeping on the floor and with rods and screws makes it very painful. If my condition has heal properly why am I being treated with medication wouldn't it be logical to provide extra cushion. I want to know why I can't be provided an extra mattress. Thank you for your time, I hope we can resolve this matter here.

6. What remedy would resolve your grievance?: Providing me with an extra mattress.

7. Inmate Signature: Denson Moore

FOR OFFICIAL USE

8. Date received: 12-1-0    9. _Williams_
Receiving Officer Signature

10. ☐ This grievance is returned and can only be accepted when your current grievance completes step two.

11. Date delayed: / /    12. _____
Screening Officer Signature

13. The grievance is rejected for the following reason(s): (Enter Code) _____

A. State or Federal Court Decision   B. Parole Commission Decision   C. Appeals disciplinary action
D. Action not yet taken   E. Exceeds 1 year time limit   F. Remedy for another inmate
G. More than one incident   H. ARP procedures not followed   I. Violates Disciplinary No. 38
J. Beyond control of DOC

If grievance is rejected, # 13, # 14, # 15, and # 16 are completed by the Screening Officer, a photocopy of grievance is forwarded to Superintendent for review, and the original grievance is returned to inmate.

14. Rejection Justification: _____

15. Date rejected: / /    16. _____
Screening Officer Signature

17. Date accepted: 12/1/05    18. _____
Screening Officer Signature

19. Grievance No.
5710-05-02-103
II

Item #13, 15, or 17 to be completed within 3 calendar days of item #8.
Distribution: White to point of final disposition, Blue for Unit record, Green to inmate.

DC-410A (11/99)

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE

## Step One - Unit Response

20. Grievance No.: ___3710-05-2-153___
               ___0584589___

21. Inmate Name: ___Benson Moore___

22. Inmate No.: _____

23. Grievance Response (Item #25 to be completed within 15 calendar days of date in item #17):

Your complaint has been received and noted. Investigation into your complaint reveals the following: The nurse supervisor has reviewed your medical jacket and that you saw a the unit provider in Feb. 2005. At that time the provider determined that you did not meet the criteria for an extra mattress. She also states that when you came to sick call in June of 2005 you had to be escorted from medical after you became angry. The unit nursing staff cannot override a providers order. If you are still having problems you are encouraged to utilize the inmate sick call process. Based on the information stated above no further action is recommended at this time.

24. Date : ___12·10·05___

25. _____
               **Superintendent Signature**

26. (A)___ Agree with grievance response

(B) ✓ Appeal to Step Two **(24-hour limit)**

27. Date: ___12-10-05___

28. _____
               **Inmate Signature**

## Step Two - Area/Complex/Institution Response

29. Step two response (Item #31 to be completed within 20 calendar days of date in item #27):

Upon evaluation, I find that your needs have been appropriately assessed by medical staff and it was found that an additional mattress was not warranted. I concur with the response noted in section 23.

30. Date : ___1 3 - 13   03___

31. _____
               **Administrator Signature**

32. (A)___ Agree with grievance response

(B)___ Appeal to Secretary, DOC **(24-hour limit)**

33. Date: _____

34. _____
               **Inmate Signature**

**DISTRIBUTION:** White to point of final disposition; Blue for Unit Record; Green to Inmate

DC-410 (Rev. 6/08)

## NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE

1. Inmate Name: Denson Moore    2. Inmate OPUS No.: 0584589

3. Location: 1C-1029    4. Date: 10-12-11

5. Grievance Statement: Why have I been deprive of proper medical examination when an obvious & serious physical condition remains the cause of my constant pain. I have a metal rod from my hip to my knee that is inserted inside my femur bone & metal screws in my hip & knee & causes me excruciating pain going cold temperatures/rainy weather also when I lay down on mattress it causes my hip joint to lock-up, one & gives an unbearable pain due to the lack of cushion. I have filed a medical emergency on several occasions but was told that my injury isn't life threating & to fill out a sick-call. I have written several sick-calls & request form(s) to Head Nurse Ayscue in regards to this matter. Dr. Davis has denied me on 3 occasions (4/13, 6/16, 9/21) and has never seen me in person to get proper evaluation and has discontinue what has been prescribe to me for the last 16 years to eliminate this problem. Dr. Davis has discontinue my D.C. 190 A extra mattress & thermal and replace it with (a) pillow to place under my hip. (This is in no way in substitute for what has been prescribe. Dr. Davis & Medical staff handling of the situation is unethical & demonstrates extreme negligence.

6. What remedy would resolve your grievance?: I have been thru X-rays & a number of medications to resolve this matter & with proper evaluation I was provided a extra mattress to give more cushion between metal in body & metal I rest on. The thermals provide more instillation during cold temperatures.

7. Inmate Signature: Denson Moore

---

**OFFICIAL USE**

8. Date received: 10/12-11    9. _____ Receiving Officer Signature

10. ☐ This grievance is returned and can only be accepted when your current grievance completes step two.

11. Date delayed: ___/___/___    12. _____ Screening Officer Signature

13. The grievance is rejected for the following reason(s): (Enter Code) _____

| | | |
|---|---|---|
| A. State or Federal Court Decision | B. Parole Commission Decision | C. Appeals disciplinary action |
| D. Action not yet taken | E. Exceeds 1 year time limit | F. Remedy for another inmate |
| G. More than one incident | H. ARP procedures not followed | I. Violates Disciplinary C2 |
| J. Beyond control of DOC | | |

> If grievance is rejected, # 13, # 14, # 15, and # 16 are completed by the Screening Officer, a photocopy of grievance is forwarded to Superintendent for review, and the original grievance is returned to inmate.

14. Rejection Justification: _____

15. Date rejected: ___/___/___    16. _____ Screening Officer Signature

17. Date accepted: ___/___/___    18. _____ Screening Officer Signature

19. Grievance No.

Item #13, 15, or 17 to be completed within 3 calendar days of Item #8.
Distribution: White to point of final disposition; Blue for Unit record; Green to inmate.

7. The following facts are in a chronological order beginning from an assault incident on the Plaintiff (filed in U.S. District Court - File No. 5:18-CT-3343-D) that resulted in back complications combined with current debilitating condition. Plaintiff is in wheelchair bound as Plaintiff place treatment continues medical staff has discontinued on December 1, 2017 all plaintiff's accommodations of previous years as Plaintiff's condition continues to be marginalized with disregard to Plaintiff's daily suffering.

8. The Plaintiff, Benson Moore was incarcerated at Marion Correctional Institute, Scotland Correctional Institute, Piedmont Correctional Institute and Mountain View Correctional Institute during the events described in this complaint.

9. *January 6, 2016* - Plaintiff was transferred from Pasquotank Correctional Institute to Marion Correctional Institute for safety reasons.

10. *January 7, 2016* - Plaintiff received an "In Progress" exam upon arrival by Defendant Kevin Chung. Defendant would not address any existing or new symptoms of pain. See Exhibit A2 (Medical Duty Status).

11. *February 18, 2016* - Plaintiff submitted sick-call for a stronger pain medication as current prescription of Elavil was not sufficient to alleviate new and existing pains. Plaintiff also experienced difficulty with vision (eye sight blurry) and existing digestion problems.

12. *February 26, 2016* - Plaintiff saw Defendant Francis Labore and scheduled an eye exam and a diet referral. Defendant Labore also submitted request for a stronger pain medication.

13. *April 1, 2016* - Plaintiff had appointment with Defendant Francis Labore and raised Vitamin D. medication for deficiency, changed Elavil to Tylenol 3 for the Plaintiff's increased pains and updated thermal underwear and an extra

3

mattress. See Exhibit A2 (Medical Duty Sheet).Request for
stronger pain medication of Ultam was denied.

14. *May 3, 2016* – Plaintiff sign-off Tylenol 3 causing extreme
dry-mouth & constipation.

15. *May 6, 2016* – Defendant Francis Labore submitted a second
request for Ultam and a request for X-Ray on Plaintiff's
left hip.

16. *May 18, 2016* – Plaintiff claim Medical Emergency because of
severe pains and was seen immediately and given
approximately 25-30(2 tablet)325mg non-aspirin.

17. *May 21* – Plaintiff claim Medical Emergency because of
severe pains.

18. *May 23, 2016* – Plaintiff was seen on sick-call submitted by
Defendant Nurse John Doe #1 and Defendant Nurse Williams
who stated, "The Dr. isn't going to do anything else for
you, he has already seen you twice". Defendant completely
denied Plaintiff a referral to the doctor. As a result,
Plaintiff sent request form to Medical Department. See
Exhibit B (Inmate Request Form).

19. *May 25, 2016* – Plaintiff was seen on sick-call by Defendant
Nurse John Doe #1 who refused to document any of Plaintiffs
symptoms and denied Plaintiff referral to the doctor.

20. *May 25, 2016* – Plaintiff was found on the floor of his
cell; he was taken to Medical in a wheelchair by a female
Sergeant. The nurse gave Plaintiff approximately 25-30
(2 tablets) non-aspirin/325mg and assigned Plaintiff a
wheelchair until June 2, 2016, See Exhibit A2 (Medical
Duty Sheet).

21. *May 30, 2016* – Plaintiff declared a medical emergency for
severe pains.

22. *May 31, 2016* – Plaintiff was seen by Defendant Francis
Labore whose only concern was which nurse assigned
Plaintiff a wheelchair and he stated, "You are bitching
about your pains and you are not going to get the Ultam
Medication".

4

23. *June 2, 2016* – Plaintiff was seen by Defendant Kevin Chung who after hearing popping in Plaintiff's hip then ordered X-Ray and Tequtol for pain.

24. *June 6, 2016* – The X-Ray was done on the Plaintiff.

25. *June 9, 2016* – Plaintiff claim medical emergency as hip socket locked-up coming from the Recreation Yard. Nurse Richardson told Plaintiff the X-Rays showed ball & socket joint damage. Plaintiff was given Ibuprofens/600mg prescription that he has been on since 2005.

26. *June 15, 2016* – Plaintiff saw Nurse on sick-call.

27. *June 20, 2016* –Plaintiff wrote a "Request Form" to Head Nurse Richardson about Tequtol prescription. See Exhibit B (Inmate Request Form).

28. *June 28, 2016* – Plaintiff saw Nurse on sick-call for follow-up.

29. *July 6, 2016* – Plaintiff saw Nurse on sick-call for severe pains and requested to be taken off Tequtol because of side-effects.

30. *July 14, 2016* – Plaintiff saw Defendant Kevin Chung who ordered an Oral steroid 7-day packet, physical therapy and it stated X-Rays.

31. *July 19*, – Plaintiff was transferred from Marion Correction Institution to Scotland Correctional Institution.

32. *July 27, 2016* – Plaintiff submitted sick-call for a stronger pain medication.

33. *August 19, 2016* – Plaintiff was evaluated for physical therapy.

34. *September 7, 2016* – Plaintiff started physical therapy with 3 sessions a week for approximately 30-45 minutes per session.

35. *September 18, 2016* – Plaintiff wrote letter to Defendant Superintendent Kathy Poole and send carbon copies to Defendant(s) Paula Smith and George Solomon concerning the

5

delay of the July 27 sick-call submition.  Plaintiff also submitted another sick-call.  See Exhibit B1 (letter submitted).

36. *September 21, 2016* – Plaintiff was seen on sick-call in-reference to pains and request for stronger medication.

37. *September 21, 2016* – Plaintiff was scheduled to see the Defendant Doctor John Doe #2 as Plaintiff's vitals were being taken Defendant Doctor John Doe #2 observed Plaintiff then told the nurse to give him an ice pack and send him back to the block.  See Exhibit A2 (Order for Ice Pack).

38. *September 25, 2016* – Plaintiff wrote Defendant Superintendent Kathy Pole concerning the September 21 ,2016 encounter and sent carbon copies to Defendant Paula Smith and Defendant George Solomon.  See Exhibit B1 (letter submitted).

39. *September 27, 2016* – Defendant Doctor Jane Doe #1 was on the unit doing sick-calls and Plaintiff asked the Sergeant if Plaintiff was on the list. The sergeant stated, "He is not on the list".  Plaintiff pleaded the need to be seen due to extreme pains. The sergeant spoke to the nurse assisting sick-calls and Plaintiff was told he would be last because he was not on the list.  As Plaintiff explained the symptoms of his pains the Doctor Jane Doe #1 replied, "You are lucky to be walking and there is not anything that I can do for you."  As Plaintiff continued to reiterate his painful conditions Doctor Jane Doe #1 stated, "Prison is painful you are going to have to deal with your pains."

40. October 3, 2016 – Plaintiff was called to the Chapel's office to speak with Mr. Hicket in reference to family member Ronda Burton contacting Mr. Hicket through phone communication about Plaintiff's need for medical attention. Plaintiff and Mr. Hicket discussed his health issues for approximately 30 minutes.  Afterwards, Chapel Hicket said, "I will send E-mails to Medical Supervisor and Superintendent of Custody." See Exhibit C (Ronda Burton's Declaration)

6

41.  *October 3, 2016* - Plaintiff was transferred per request to participate in Education Program at Piedmont Correctional Institute, Defendant Joseph Valliere as Superintendent.

42.  *October 10, 2016* - Plaintiff was seen on sick-call for same pains and new demands of activity with school increasing existing symptoms. Plaintiff was provided with several accommodations. See Exhibit B2 (Medical Duty Sheet) and schedule to visit the doctor.

43.  *October 19 2016* - Plaintiff was evaluated by Defendant Doctor Ellis. He entered an order/recommended for Plaintiff a cane, Tramadol pain medication , Glucosamine Joint pills and submitted U.R. referral for Orthopedic Specialist.

     Plaintiff pleaded with Defendant Doctor Ellis to order a MRI to identify cause of continues intense pains. Request was denied.

45.  *October 21, 2016* - Plaintiff was issued a cane and began 14 days of Tramadol pain medication.

46.  *November 1, 2016* Plaintiff seen on sick-call for continuation of Tramadol pain medication.

47.  *November 9, 2016* - Plaintiff was seen by Defendant Doctor Ellis who prescribed Tramadol pain medication for 90 days.

48.  *November 17, 2016* - Plaintiff was seen by Orthopedic Doctor Boyd Watts who did X-Ray on left hip and lower back, ordered and administered a 100 mg Kenalog injection and recommended Plaintiff return in 6 weeks.

49.  *January 12, 2017* - Nurse extended Plaintiff ice pack to December 25, 2017. See Exhibit B2 (Medical Duty Sheet).

50.  *January 24, 2017* - Nurse Crystal Dixon sent request for renewal of pain medication to Defendant Doctor Ellis. He deferred the request for reasons of submitting request too soon.

51.  *February 1, 2017* - Nurse Crystal Dixon resubmitted the previous request and called Defendant Ruth Long in-reference to the scheduling of a 2nd appointment to the

7

Orthopedic doctor that requested Plaintiff to return in 6
weeks from the November 17th visit.

52. *February 9, 2017* – Nurse Crystal Dixon resubmitted request
to renew pain medication to Defendant Melanie Alvardo.
Request appeared to be ignored.

53. *February 15, 2017* – Plaintiff was seen by Nurse Crystal
Dixon who resubmitted request for renewal of pain
medication that expired on February 15, 2017. Nurse
Crystal Dixon contacted Defendant Ruth Long again
concerning the scheduling of a second appointment for the
Plaintiff to the Orthopedic Doctor Boyd Watts for the six
week follow-up visit from November 17, 2016 doctor visit.

54. *February, 24, 2017* – Plaintiff was seen by Defendant
Melanie Alvarado who discontinued Tequtol due to the
medication being ineffective. Plaintiff received an
injection of Kenalog/40 mg.

55. *February 26-March 6, 2017* – Plaintiff went through violent
withdrawal resulting from absence of taking previous
prescribed Tramadol.

56. *March 5, 2017* – Plaintiff submitted sick-call for pain
medication to be refilled.

57. *March 6, 2017* – Plaintiff was seen by Defendant Carol
Boshlm who submitted request for renewal of Tramadol pain
medication with doses raised from 50mg 3x's daily to 100mg-
3x's daily. While awaiting decision Defendant Carol
Bosholm wrote an order for 14-day supply of Tramadol/100mg-
3x's daily.

58. *April 12, 2017* – Plaintiff was seen by Defendant Melanie
Alvarado who to Plaintiff said, "I don't feel you need
Tramadol but I am going to put the request in and we will
see what happens." Defendant Melanie Alvarado also
requested second appointment to Orthopedic that Plaintiff
was supposed to be seen 6 weeks from November 17.
Defendant Alvarado stated, "I am from Texas and inmates
in North Carolina are pampered and appeased."

8

59. *May 4, 2017* - Plaintiff was seen by Doctor Boyd Watts who ordered a MRI and gave Plaintiff another injection of Kenalog/100mg.

60. *May 25, 2017* - Plaintiff had drawn and submitted 2 tubes of blood, and a urine sample for the testing of Tramadol levels.

61. *May 26, 2017* - Plaintiff was called back to medical to draw more blood due to the nurse placing previous blood sample into the wrong tube. Plaintiff's blood sample was withdrawn by Lead Nurse Glover. Plaintiff expressed to Lead Nurse Glover his desire to be seen by another provider due to Defendant Melanie Alvarado's attitude and determination to discontinue Plaintiff's pain medication of which the dosage had been changed to "as needed" PRN.

62. *May 30, 2017* - Plaintiff was called to medical demanding him to sign a Treatment Refusal Form because Plaintiff did not wish to be examined by Defendant Melanie Alvarado. Plaintiff did not sign the form because Plaintiff was not refusing treatment but only exercising Plaintiff's patient rights to be seen by another provider.

63. *May 31, 2017* - Plaintiff was called to Medical Department in-reference to a phone call to the Medical Department by Plaintiff's Fiancé Rhonda Burton. Plaintiff signed a release form giving Fiancé Ronda Burton rights to address the issue regarding Plaintiff prescribed time-contingent pain medications which is more effective than "as needed" PRN's that Defendant Melanie Alvarado had prescribed. Plaintiff explained to Supervisor Nurse Kimberly click his feelings of Defendant Melanie Alvarado trying to take Plaintiff off Tramodal pain medication.

64. *June 2, 2017* - Plaintiff was seen by Defendant Carol Bosholm who repeatedly denied Plaintiff's request for a 300mg extended release instead of 3 separate times of Tramadol/100mg. Defendant Carol Bosholm denied the request stating, "The medication is very expensive and hard to monitor", she stated, "We are not giving you nothing to make you strong so you can beat-up the officers." Plaintiff feels this statement was made due to the Plaintiff's

9

request for Andro Gel to strength weak joints. Defendant Carol Bosholm added 'No Sports Activity' to Plaintiff's restriction and requested Physical Therapy. Defendant Carol Bosholm said to Plaintiff, "You are faking." Plaintiff feels this statement was made due to his complaint of the air fan on the floor aggravating his left hip joint.

65. *June 7, 2017* – Plaintiff went to the Medical Department to speak with Supervisor Nurse Kimberly Click to discuss Defendant Carol Bosholm's unprofessional remarks and denial of Plaintiff's pains. As Plaintiff pleaded his case with the Supervisor Nurse Kimberly Click he also presented his Medical Duty Status Sheet to Supervisor Nurse Kimberly Click to validate the fact that the Plaintiff has previously received treatment for the same debilitating pains and Plaintiff has legitimate chronic pains without an identifiable diagnosis. Unbeknownst to Plaintiff, as a result of the Plaintiff's face-to-face pleading with Supervisor Nurse Kimberly Click, the Plaintiff's treating accommodations expiration date of December 25, 2017 was changed to May 24, 2017.

Plaintiff also had a MRI scan completed upon request of Orthopedic Doctor Boyd Watts.

66. *June 8, 2017* – Plaintiff received 'Request Form" from Supervisor Nurse Kimberly Click showing that Plaintiff is requesting a continuance of the Tramadol pain medication due to the order only lasting 14 days per Defendant Melanie Alvarado. See Exhibit B (Inmate Request Form).

67. *June 12, 2017* – Plaintiff received "Request Forms from Supervisor Nurse Kimberly Click. The forms were the Plaintiffs request of shock absorption Tennis Shoes due to weight-bearing activities and a "Request Form" stating the Plaintiff's pain medication denial and the order for Plaintiff's medication dosage lowered. See Exhibit B (Inmate Request Form).

68. June 20, 2017 – Plaintiff went to Medical to get ice for swelling in Plaintiff's left hip and for pains in lumbar (the ice was only to be used as pain reliever). Nurse Dixon notified Plaintiff that his ice pack was changed and

10

was expired per Nurse Supervisor Kimberly Click.  See
Exhibit B2 (Medical Duty Status Sheet).

69. *June 21, 2017* – Plaintiff filed a medical emergency.
    Plaintiff was pushed to medical in a wheelchair and was
    given approximately 20-25(2 tablets) non-aspirin/325mg
    and Analgesic Balm Muscular Reliever. Plaintiff was pushed
    back to housing unit with Plaintiff keeping the wheelchair.

70. *June 22, 2017* – Plaintiff was seen by Defendant Carol
    Bosholm who prescribed Tequotol medication for pains
    against Plaintiff wishes because of side effects.
    Plaintiff tried to explain that this medication was
    discontinued on February 24, 2017 because of side effects
    and its ineffectiveness for the Plaintiff. Defendant Carol
    Bosholm stated, "That's all I am going to do for you I
    don't believe you're in pain."  Defendant Carol Bosholm did
    re-issue Plaintiff ice pack for 7 days. See Exhibit B2
    (Medical Duty Status Sheet).

71. *June 23, 2017* – The Plaintiff's pains became more
    unbearable as Plaintiff's used a cane. Plaintiff had not
    been to the cafeteria or canteen since June 20, 2017, thus
    Plaintiff was issued a wheelchair and was relocated to the
    handicap unit.  Plaintiff also had the MRI results
    reviewed by Orthopedic Doctor Boyd Watts who ordered an EMG
    test.

72. *June 27, 2017* – Plaintiff submitted sick-call mentioning
    previous problems with Tequotol whereby Plaintiff was
    notified by medical staff that Defendant Carol Bosholm
    ordered the Tequtol against Plaintiff's willingness to take
    it.

73. June 28, 2017 – Plaintiff submitted sick-call for pain
    medications to be renewed.

74. *June 29, 2017* – Plaintiff begun Physical Therapy for the
    second time.

75. *July 4, 2017* – Fiancée Rhonda Burton called Peidmont
    Correctional Medical Department and spoke with Defendant
    Carol Bosholm who stated, "He is in prison what kind of

11

treatment does he expect he should have never committed the crime". See Exhibit C (Fiancée's Declaration).

76. *July 6, 2017* – Plaintiff was seen by Doctor Anthony Searles who added restrictions of walking and wrote order for Tramadol pain medication and gave Defendant Valerie Johns permission to update Plaintiff's accommodations of extra mattress, thermal underwear, extra pillow and blanket. Defendant Valerie Johns didn't update these items until the following day. See Exhibit B2 (Medical Duty Status).

77. *July 10, 2017* – Plaintiff had Lab Tests done from appointment with Defendant Carol Bosholm on June 22, 2017.

78. *July 11, 2017* – Plaintiff received "Inmate Request Form" from Supervisor Nurse Kimberly Click acknowledging Defendant Carol Bosholm remarks that she didn't believe Plaintiff was in pain. See Exhibit B (Click's acquiesce to Bosholm's Remarks)

79. *July 15, 2017* – Plaintiff submitted sick-call for pain medication.

80. July 17, 2017 – Plaintiff was informed that Defendant Carol Bosholm wrote a 30-day prescription for Tramadol/100mg taken 3x's a day.

81. *July 18, 2017* – Plaintiff received "Inmate Request Form" from Supervisor Nurse Christina McNeil stating the order/request to approve Plaintiff pain medication. This action took two months; the maximum time allotted is one month.

82. *July 20, 2017* – Plaintiff was seen on sick-call appointment and Nurse Rebecca Carter ordered a wheelchair seat cushion and updated Plaintiff ice-pack and bottom bunk restriction, given Loperamide for digestion problems.

83. *July 21, 2017* – Plaintiff was assessed by Podiatrist Rodney Fitzhugh who recommended custom insoles for numerous feet problems.

12

84. *July 22, 2017* – Plaintiff talked to Chaplain Hickie about the repetitive cycle of medical treatment due to Plaintiff's pains increasing with Physical Therapy.

85. *July 24, 2017* – Plaintiff had EMG test done at Novant Orthopedic.

86. *July 27, 2017* – Plaintiff was seen by Doctor Anthony Searles who requested/recommended air mattress with outlet, Tens Unit and a Lidocaine patch for Lumbar complications.

87. *July 28, 2017* – Plaintiff had blood work done for Testosterone levels. Plaintiff Physical Therapy ended on this day.

88. *July 31, 2017* – Plaintiff was seen by Doctor Boyd Watts to discuss EMG results and Dr. Watts recommended that Plaintiff be seen by a GI Specialist due to digestive problems.

89. *August 13, 2017* – Defendant Carol Bosholm's order of 30-day supply of Tramadol ended.

90. *August 23, 2017* – Doctor Anthony Searles did a chart evaluation to assess Plaintiff's need for wheelchair, air mattress and restrictions. He also received Plaintiff's "Inmate Request Form" from Supervisor Nurse Christina McNeil indicating that X-Ray on left hip was not remarkable. See Exhibit B (Inmate Request Form).

91. *August 30, 2017* – Plaintiff received "Inmate Request Form" from Supervisor Nurse Charistina McNeil stating that MRI results only showed Stenosis. See Exhibit B (Inmate Request Form).

92. *September 15, 2017* – Plaintiff went to medication window to turn in old ice pack and receive new pack. Nurse J. Morrison denied Plaintiff order for ice pack especially after Plaintiff pointed out to Nurse J. Morrison that the order was up-dated on July 20, 2017 by Nurse Rebecca Carter after which Nurse J. Jeffers discontinued the order by changing the date resulting in the order's expiration.

13

93. *September 20, 2017* - Plaintiff submitted a sick-call for pain medication and treatment plan. See Exhibit C1 (Carbon Copy of Sick-Call).

94. *September 28, 2017* - Plaintiff was assessed by Doctor Anthony Searles who resubmitted Electrical Tens Unit, Lidocaine Patch and added restrictions of sitting, standing and lifting. Dr. Searles explained to Plaintiff how the nurses were responsible for ordering Air Mattress.

95. *October 1, 2017* - Plaintiff submitted sick-call for pain medication and treatment. See Exhibit C1 (Carbon Copy of Sick-Call).

96. *October 12, 2017* - Plaintiff submitted sick-call for pains and treatment. See Exhibit C1 (Carbon Copy of Sick-Call).

97. *October 19, 2017* - Plaintiff was seen on sick-call appointment by Defendant Valerie Johns, who stated, "I see no need for the G.I. appointment (recommended by Orthopedic Doctor Boyd Watts) or the air mattress (recommended and approved by Doctor Anthony Searles)." Defendant Valerie Johns justified her decision using the physical therapist final comments. Defendant Valerie Johns stated that she would refer plaintiff to the Doctor.

98. *November 15, 2017* - Family member Deborah Moore contacted Defendant Dora Plummer concerning Plaintiff's medical care in-particular Defendant Valerie Johns interfering with Doctor's recommendations.

99. *November 21, 2017* - Family member Deborah Moore received several phone calls in-which voice messages were left by Defendant Joseph Valliere (Superintendent of Piedmont Correctional Institute) in reference to Plaintiff's health care.

100. *November 25, 2017* - Family member Deborah Moore returned Defendant Joseph Valliere phone call via e-mail concerning Plaintiff's healthcare.

101. *December 1, 2017* - Plaintiff was transferred per request of Defendant Joseph Valliere. Plaintiff initially refused transfer due to being medically treated however Defendant

14

Joseph Valliere with approximately 8 correctional staff personnel's came and push plaintiff in his wheelchair to the receiving area to be fully restrained and transported to Mountain View Correctional Institute.

102. *December 1, 2017* - Plaintiff was transferred to Mountain View Correctional Institute where Defendant Mike Slagle and Defendant Dexter Gibbs preside. After a 15 minute evaluation from Defendant Jeffery Patane and Defendant Norma Melton, Plaintiff was advised that at Mountain View all of Plaintiff's medical accommodations will be discontinued. Defendants Jeffery Patane and Norma Melton began justifying their actions by telling Plaintiff that his pains are psychological because of Plaintiff's lengthy prison sentence. Defendant Jeffery Patane advised Plaintiff to sign-up to see the psychiatrist.

103. *December 3, 2017* - Plaintiff immediately wrote Kevin King (Department of Public Safety - Regional Director) and North Carolina Medical Board. See Exhibit B1 (Carbon Copy of letters).

104. *December 4, 2017* - As Correctional Officer Captain Grindstaff made rounds Plaintiff asked Captain Grindstaff why his medical accommodations were not being honored at the Mountain View camp. Captain Grindstaff stated, "A doctor that works for NC Department of Public Safety orders are good at any facility and I will talk to Defendant Nurse Supervisor Norma Melton."

105. *December 4, 2017* - Plaintiff explained to Sergeant Tunk that Captain Grindstaff advised Plaintiff that Plaintiff's accommodations are honored at any facility. Plaintiff presented Sergeant Tunk his accommodations on Plaintiff's "Medical Duty Status" See Exhibit C2. Sergeant Tunk replied, "Here at Mountain View our doctors override any previous orders." However, Sergeant Tunk gave Plaintiff permission to go to the warehouse for Plaintiff's extra mattress and to the clotheshouse for Plaintiff thermal underwear, extra blanket and pillow. As Plaintiff went to the warehouse, Defendant Sergeant Shepherd informed Plaintiff that Plaintiff's DC-490 (Medical Duty Status) wasn't valid at Mountain View Correctional Institute.

15

Plaintiff then proceeded to the clotheshouse where
Defendant Joshua Mckinney informed Plaintiff that if
Plaintiff DC-490 didn't come from Mountain View Doctors it
was no good. As Plaintiff was returning to the unit,
Defendant Robert Mask (Plaintiff's Case Manager) was in the
Sergeant's office, Plaintiff begun explaining the
situation of Plaintiff's medical accommodations when
Sergeant Tunk entered Sergeant's office stating (to
Defendant Robert Mask), "Plaintiffs medical accommodations
are being changed as we speak." Defendant Robert Mask then
printed out a HSS1 (See Exhibit C2) Demonstrating the
removal of all Plaintiff's accommodations and tells
Plaintiff to have a nice day.

106. *December 4, 2017* – Plaintiff submit sick-call for left hip
pains and treatment. See Exhibit C2 (Carbon Copy of Sick-
Call). Later that night due to increased pains and no form
of relief Plaintiff claim a medical emergency as Plaintiff
was assessed by Defendant Brandon Barrier who stated to the
Plaintiff, "You are not getting any of your medical
accommodations back no matter how many emergencies you
claim." Defendant Brandon Barrier commented saying the
Plaintiff was not in pain and he exited the room while
saying this visit is now over to the correctional officer.

107. *December 11, 2017* – Plaintiff received correspondence from
Defendant Joseph Valliere (Superintendent of Piedmont
Correctional Institute) in response to Plaintiffs letter to
Regional Director Kevin King. Defendants letter was an
attempt to justify his reasoning for transferring
plaintiff. See Exhibit D (Letter from Defendant Joseph
Valliere).

108. *December 12, 2017* – Due to extreme pains and stiffness,
Plaintiff received a pack-out for breakfast as Plaintiff
was unable to move.

109. *December 13, 2017* – Plaintiff submitted another sick-call
for increasing pains. See Exhibit C1 (Carbon Copy of Sick-
Call).

110. *December 17, 2017* – Plaintiff submitted a letter to
Regional Director Kevin King in-reference to Defendant

16

Joseph Valliere's response to Plaintiff letter submitted to the Regional Director Kevin King. See Exhibit B1.

111. *December 18, 2017* - Plaintiff received response from North Carolina Medical Board denying any violation on behalf of Defendant Joseph Valliere. See Exhibit D.

112. *December 19, 2017* - Defendant Kella Phillips delivered a copy of Plaintiff's grievance #4855-2017-HPOD-06456 to Plaintiff's cell because of Plaintiff inability to move due to pain.

113. *December 21, 2017* - Plaintiff submitted another sick-call for same debilitating pains. See Exhibit C1 (Carbon Copy of Sick-Call). Later in the day, Plaintiff claimed a medical emergency and was assess by Nurse Hickins who advised Plaintiff that because of on-going pains the Plaintiff pains are not excruciating and due to Plaintiff's normal vital the Plaintiff apparently is not in pain.

114. *December 22, 2017* - Plaintiff received the Medical Emergency Grievance #4855-2017-HPOD-06468 back from North Carolina Department of Public Safety-Health Service in Raleigh. Plaintiff was advised to use the facilities internal grievance system.

115. *December 30, 2017* - Plaintiff received Electrical Tens Unit which was requested by Chronic Specialist Doctor Searles at Piedmont Correctional Institution. As Plaintiff was writing down notes of treatment, Plaintiff was placed in segregation for having an ink-pen while in medical.

116. *January 2, 2018* - Plaintiff was assessed in segregation for Plaintiff's numerous Sick-Calls and was informed by nurses of Plaintiff's GI appointment cancelation on December 4, 2017. Plaintiff was told if pain medication was further needed Plaintiff would have to start over with Ibuprofens.

117. *January 3, 2017* - Plaintiff was seen by nurses because Plaintiff had not eaten a tray since Plaintiff was placed in segregation due to excruciating pains.

118. *January 5, 2018* - Plaintiff was assessed once more for not eating.

119. *January 9, 2018* – After Plaintiff's 10 day stay in segregation only consuming one tray, Sergeant Price collected a statement from Plaintiff which explained Plaintiff's reason for not eating.

120. *January 17, 2018* – Defendant Norma Melton entered the assigned unit of the Plaintiff. Defendant told the correctional officer to check Plaintiff's cell for extra blanket, because Plaintiff's accommodations were discontinued.

121. *January 24, 2018* – Defendant Robert Mask (case manager) called Plaintiff to Sergeant's office and said to Plaintiff, "Tell your mother Deborah Moore to stop calling me." Plaintiff asked, "What were the concerns of the family member's call?" Defendant Robert Mask replied, "Asking if you are alright." Plaintiff immediately replied, "I am not alright!" Defendant Robert Mask then stated, "You are alive so you are alright." Plaintiff at that point explained to Defendant Robert Mask how the Medical Department has and is refusing to treat Plaintiff. Plaintiff also requested Defendant Robert Mask arraign a meeting with the Superintendent to discuss Plaintiff's medical condition.

122. *January 25, 2018* – Plaintiff submitted "Inmate Request Forms" to Defendant Norma Melton (Nurse Supervisor) and Defendant Mike Slagle (Superintendent) regarding Plaintiffs medical accommodations and pain medication.

123. *February 13, 2018* – Plaintiff went to Duke Hospital (outside medical) and was assessed by Doctor Gloria Liu who recommended pain medication Neutroin/gaba-pentin.

124. *February 15, 2018* – Plaintiff submitted ADA (Inmate Reasonable Accommodation Request Form) for disability assistance. Plaintiff submitted letters to Medical Utilization Review Board in Raleigh, NC and the Department of Health and Human Service in Washington, DC. See Exhibit B1 (Carbon Copy of letter).

18

125. *February 20, 2018* – Plaintiff submitted another "Inmate Request Form" to Defendant Norma Melton (Nurse Supervisor) and Defendant Mike Slagle (Superintendent).

126. *February 21, 2018* – Sergeant Henson entered Plaintiff's cell to see if Plaintiff had a cane.

127. *February 22, 2018* – Defendant Dora Plummer (Assistance to Deputy Director of Health Service) contacted family member Deborah Moore stating that if Plaintiff's accommodations were current the removal/cancellation was not suppose to transpire.

128. *February 26, 2018* – Plaintiff submitted IRAR (Inmate Reasonable Accommodation Request) Form again via inside mail to Ms. Hanks (ADA Coordinator).

129. *March 9, 2018* – Plaintiff had a MRI done on Lumbar Area – Plaintiff also received step 3 response to Grievance #4855-0217-HPOD-06456 which stated Plaintiff had received new restrictions. Plaintiff was advised to continue with completing sick-calls. See Exhibit E (Step 3 Grievance Response).

130. *March 10, 2018* – Plaintiff wrote letter to Defendant Mike Slagle (Superintendent).

131. *March 16, 2018* – Plaintiff filed a Tort Claim with North Carolina Industrial Commission for medical negligence against Defendant(s) Jeffery Patane, Norma Melton, and Mike Slagle. See Exhibit E (Affidavit).

132. *March 25, 2018* – Plaintiff submitted "Transfer Form" to be transferred due to Mountain View's Facility not accommodating Plaintiff with Medical needs. See Exhibit E (Transfer Request).

133. *April 9, 2018* – Plaintiff discussed denial of Transfer with Defendant Robert Mask. Plaintiff reiterated pains and desire to address Defendant Mike Slagle (Superintendent). Robert Mask stated he would talk to Defendant Norma Melton (Nurse Supervisor).

134. *April 17, 2018* – Defendant Robert Mask (Case Manager) came to Plaintiff's cell to give Plaintiff a "Health Care Power-of-Attorney Form which was faxed to Defendant Robert Mask by Plaintiff's Fiancée' Ronda Burton.

135. *May 1, 2018* – Plaintiff's Fiancée Ronda Burton expressed concerns of Plaintiff's pain medication, accommodations and relocating Plaintiff to avoid the 31/2 hour one way trips to Duke Orthopedic Spine Specialist. Defendant Norma Melton replied to Ms. Ronda Burton that Plaintiff was okay because Plaintiff wasn't dying.

136. *June 8, 2018* – Correctional Officer Captain Grindstaff was making rounds at approximately 10:30 am and Plaintiff alerted Captain Grindstaff of Plaintiff's medical situation not getting any better since the last time they conversed.

137. *June 18, 2018* – Correctional Officer Sergeant Tunk came to Plaintiff's cell to retrieve Plaintiff's wheelchair stating to Plaintiff, "You don't use it anyway." Plaintiff assumes the Officer's action was because Plaintiff did not visit the cafeteria, yard, gym or the library.

138. *June 22, 2018* – Plaintiff went to Duke Orthopedic Spine Specialist for results from March 9, 2018 X-Rays and MRI taken on Plaintiff's left hip and upper back.

139. *July 20, 2018* – Family member Deborah Moore contacted Defendant Dora Plummer in Raleigh who in conversation stated, "There is nothing that can be done for your son."

140. *August 9, 2018* – Plaintiff wrote "Disability Rights NC" regarding Plaintiff's pains. Plaintiff also submitted another ADA (Inmate Reasonable Accommodation Request) form to Correctional Officer Ms. Hayes and to Disability Rights NC. See Exhibit B1 (Letter Submitted).

141. *August 16, 2018* – Plaintiff received response from Disability Rights NC advising Plaintiff to write Deputy Director of Prison Health Services Terri Catlett. See Exhibit D (Letter Received).

20

142. *August 28, 2018* - Plaintiff wrote Defendant Deputy Director of Prison Health  Services Teri Catlett. See Exhibit B1 (Letter Submitted).

143. *September 7, 2018* - Plaintiff received medical notification from Defendant Norma Melton acknowledging that she is aware of Plaintiff's medical needs from Plaintiff's letter to Defendant Terri Catlett. See Exhibit D (Document Received).

144. *September 10, 2018* - Plaintiff wrote Defendant Terri Catlett again to bring to Ms. Catlett's attention the redundant repetitive patterns of Defendant Norma Melton. See Exhibit B2 (Letter Submitted).

145. *September 24, 2018* - Plaintiff submitted third grievance #4855-2018-HPOD-08869 on Medical Treatment. See Exhibit F (Grievance Copy).

146. *October 6, 2018* - Plaintiff wrote "Disability Rights NC" special attention to Susan Pollitt concerning Plaintiff's medical treatment.  See Exhibit B1 (Letter Submitted).

147. *October 17, 2018* - Plaintiff received step 2 response for grievance #4855-2018-HPOD-08869 from Defendant Dexter Gibbs (Assistant Superintendent of Programs) who personally advised Plaintiff that a submitted sick-call by Plaintiff and a meeting with Defendant Norma Melton would satisfy Plaintiff's medical needs. See Exhibit E. (Step 2 of Grievance).

148. *October 17, 2018* - Plaintiff submitted a "Mental Health Service Referral" due to confusion from back and forth charade for Plaintiff to receive adequate care. See Exhibit E (Document Submitted).

149. *October 17, 2018* - Family member Deborah Moore texted to and received from Defendant Trish Jordan concerning Plaintiff's medical needs.  See Exhibit C.

150. *October 18, 2018* - Family member Deborah Moore once more texted Defendant Trish Jordan concerning Plaintiff's medical needs. See Exhibit C (Deborah Moore's Declaration).

151. *October 18, 2018* – Plaintiff submitted a letter to
Defendant Dexter Gibbs concerning Defendant Norma Melton
previous encounters concerning Plaintiff's medical
condition.  See Exhibit B1 (Letter Submitted).

152. *October 19, 2018* – Plaintiff met with Defendant Norma
Melton per Defendant Dexter Gibbs to address medical issues
however Defendant Norma Melton quickly illustrated her
disregard with comments such as, "Write as many grievances
you want – nothing is going to be done for you here." See
grievance #4855-2018-HPOD-09756 detailing derogatory
remarks.

153. *October 22, 2018* – Plaintiff received response from
'Disability Rights NC' advising Plaintiff to contact North
Carolina Prisoner Legal Services.  See Exhibit D.

154. *October 23, 2018* – Plaintiff's fiancée Ronda burton spoke
with Defendant Norma Melton concerning Plaintiff's
treatment but Defendant Norma Melton told Ms. Burton that
Plaintiff's pains were not serious.

155. *October 25, 2018* – Plaintiff was assessed by Defendant
Slager (Psychiatrist) from Plaintiff's October 17th, 2018
request.  Defendant Slager commented that she couldn't help
plaintiff with medical treatment; she then added that
Plaintiff appears to be receiving treatment because
Plaintiff is in a wheelchair.

156. *October 25, 2018* – Family member Deborah Moore made a
return call to Defendant Mike Slagle (Superintendent/Warden
of Mountain View). Defendant Mike Slagle left Ms. Moore
voicemail messages in reference to Ms. Moore's
communication with Defendant Trisha Jordan.  Family member
Deborah Moore discussed with Defendant Mike Slagle why
several medical accommodations and effective pain
medication have been discontinued.  Defendant Mike Slagle
stated to family member Ms. Moore, "This faculty doesn't
allow the accommodations Mr. Moore was prescribed." Ms.
Moore in returned asked Defendant Mike Slagle, "Why is my
son assigned to your camp if you can't accommodate his
medical needs." Defendant Mike Slagle responded with these
words, "I will check into the matter." See Exhibit C

22

(Deborah Moore's Declaration). Plaintiff also submitted 2nd
transfer form.  See Exhibit E (Transfer Request).

157. *October 31, 2018* - Plaintiff submitted a 6-page sick-call
(about pains and accommodations). See Exhibit C1 (Carbon
Copy of Sick-Call).

158. *November 2, 2018* - Defendant Mike Slagle and Defendant
Kella Phillips entered Plaintiff cell at approximately
6:15pm asking Plaintiff, "why is the wheelchair near the
door."  Defendant Mike Slagle gave Plaintiff command, "move
the wheelchair."  Plaintiff Benson Moore replied, "Yes
Sir." Very shortly afterwards Plaintiff asked if Defendant
Mike Slagle would speak with him.  Defendant Mike Slagle
commenced to walking away leaving Defendant Kella Phillips
behind to address Plaintiff's questions and concerns.

159. *November 5, 2018* - Defendant Norma Melton contacted
Plaintiff's Fiancée Ronda Burton while Plaintiff was called
to Medical for signing the 'Release of Information Form'.

160. *November 6, 2018* - Defendant Norma Melton made a second
voice call to Plaintiff's Fiancée' Ronda Burton informing
Ms. Burton of Plaintiff's signing of the 'Release of
Information Form' as well as informing Ms. Burton of
Piedmont Correctional Institute's  mistake in assigning
Plaintiff's medical accommodations.  See Exhibit C (Ronda
Burton's Declaration).

161. *November 13, 2018* - Plaintiff submitted another sick-call
about pains, accommodations and the need for a MRI.  See
Exhibit C1 (Carbon Copy of Sick-Call).

162. *November 14, 2018* - Defendant Robert Mask entered
Plaintiff's cell with the Industrial Commission paperwork
for Plaintiff to sign. Plaintiff spoke with Defendant
Robert Mask while in cell about the medical indifference
Plaintiff was experiencing. Defendant Robert Mask stated,
"I will talk to Ms. Melton."

163. *November 20, 2018* - Plaintiff submitted another sick-call
for excruciating pains.  See Exhibit C1 (Carbon Copy of
Sick-call).

23

164. *November 22, 2018* – Plaintiff was seen on sick-call by Nurse Winegar, on this visit no recommendation was made nor was any professional medical offers made to Plaintiff for relief of pain. Instead, Nurse Winegar portrayed inconsideration of Plaintiff's medical issue by speaking a none humorous gesture saying, "I got your 100 sick-calls you have submitted."

165. *November 24, 2018* – Plaintiff wrote Defendant Kenneth Lassiter(Director of Prisons) concerning Plaintiff medical treatment and attached carbon copies of letters submitted to Defendant Mike Slagle and Defendant Norma Melton. See Exhibit *B1* (Carbon Copy of Letters).

166. *November 26, 2018* – Plaintiff declared a medical emergency due to pains. The active nurse did not provide assistance (did nothing).

167. *December 1, 2018* – Plaintiff submitted 4th ADA (Inmate Reasonable Accommodation Request) IRAR Form.

168. *December 1, 2018* – Plaintiff wrote North Carolina Board-of-Nursing Complaint Section in reference to Defendant Norma Melton's unprofessional conduct and blatant disregard to Plaintiff's health. See Exhibit B1 (Letter Submitted).

169. *December 1, 2018* – Plaintiff submitted another sick-call for same symptoms (excruciating pains). See Exhibit C1 (Carbon Copy of Sick-Call).

170. *December 9, 2018* – Plaintiff submitted another sick-call for same symptoms. See Exhibit C1 (Carbon Copy of Sick-Call).

171. *December 10, 2018* – Plaintiff was seen by male nurse who informed Plaintiff of Defendant Jeffery Patane decision to submit a request for approval of Duloxetine pain medication for the Plaintiff and expressed that a time need to be established by Plaintiff when to take the medication. Plaintiff informed the male nurse of preferred time –(7pm). Plaintiff also mentioned how effective the pain medication Tramadol was for Plaintiff along with Glucosamine joint pills. Plaintiff requested a MRI on the left hip to examine for possible impingement or tissue damage.

24

172. *December 18, 2018* – Plaintiff received response from North
Carolina Medical Board with a Complaint ID#2018-2656 as the
Medical Board expressed that they have forwarded
Plaintiff's complaint to Medical Staff of North Carolina
Department of Public Safety. See Exhibit D (Letter
Received.

173. *December 19, 2018* – Plaintiff declared a medical emergency
but Defendant Nurse J. Campbell refused to assess
Plaintiff. Defendant Campbell expressed that Plaintiff's
pains won't kill him and Plaintiff isn't going to die.

174. *December 19, 2018* – Plaintiff submitted a fourth grievance
on Medical Treatment Grievance #4855-2018-HPOD-09756.

175. *December 21, 2018* – Plaintiff's left hip gave away while
coming out the shower causing Plaintiff's lose balance
therefore fell to the floor. Plaintiff remained on the
floor 30 minutes before Medical Staff arrived while
Defendant Sergeant Blackburn, Defendant Raines and
Defendant Rockwell stood over Plaintiff.

176. *December 22, 2018* – Plaintiff completed an incident report
detailing reason Plaintiff fell on floor.

177. *December 27, 2018* – Plaintiff went to medical for a sick-
call appointment. Plaintiff was told by Correctional
Officer to reschedule due to doctor calling in.

178. *December 28, 2018* – Plaintiff went to medical for a sick-
call appointment. Plaintiff was told by Correctional
Officer to reschedule due to doctor calling in.

179. *January 4, 2019* – Plaintiff was seen on sick-call by Nurse
Winegar who to Plaintiff said, "Some pains we just have to
live with." Plaintiff responded by saying, "You are putting
a bandage on a cut." Nurse Winegar replied, "And
eventually that cut will heal." Nurse Winegar mentioned
because Plaintiff X-Ray showed no damage that Plaintiff
isn't in pain. Plaintiff pleaded with Nurse Winegar for a
MRI.

180. *January 14, 2019* – Plaintiff's Fiancée Ronda Burton
contacted the Attorney General's Office by use of the

25

'Inmate Abuse Line' spoke to a John Stein concerning Plaintiff's medical treatment. See Exhibit C (Ronda Burton Declaration).

181. *January 15, 2019* - Plaintiff received denial for ADA, (Inmate Reasonable Accommodation Request)Form. See Exhibit E.

182. *January 18, 2019* - Plaintiff's Fiancée Ronda Burton contacted Defendant Robert Mask and Defendant Norma Melton concerning a most needed transferring of Plaintiff to a facility more equipped to properly care medically for Plaintiff. See Exhibit C (Declaration).

183. *January 18, 2019* - Plaintiff submitted fifth request for ADA (Inmate Reasonable Accommodation Request) assistance for gain time.

184. *January 22, 2019* - Plaintiff was scheduled to be seen on sick-call but Defendant Brandon Barrier told Correctional Officer Singleton that Plaintiff would be rescheduled.

185. *January 24, 2019* - Plaintiff submitted another sick-call for severe pains in left hip. See Exhibit C1 (Carbon Copy of Sick-Call).

186. *January 24, 2019* - Plaintiff was called to Medical for another meeting with Defendant Norma Melton (Nurse Supervisor) in regards to Plaintiff's fourth grievance #4855-2018-HPOD-09756. The meeting was very unprofessional as Defendant Norma Melton was highly opinionated and expressed extreme bias towards Plaintiff. Outcome of this meeting was very disturbing. Plaintiff was only informed of a follow-up appointment to Duke Orthopedic from previous visit in June of 2018.

187. *January 24, 2019* - Plaintiff discussed with Defendant Kella Phillips (Unit Manager) concerning Medical problems, ADA denial requests and the continuous exhibits of bias behavior and neglect. Defendant Kella Phillips commented that she would be sending e-mails to Defendant Robert Mask, Defendant Norma Melton, Correctional Officer Ms. King and Correctional Officer Ms. Hayes to transfer and/or give Plaintiff a Job Assignment.

26

188. *January 30, 2019* – Plaintiff's Fiancée Ronda Burton contacted Defendant Robert Mask and Correctional Officer Ms. Green concerning transferring Plaintiff.

189. *February 1, 2019* – Plaintiff submitted sick-call for severe pains. See Exhibit C1.

190. *February 4, 2019* – Plaintiff received Corticosteriod Injection in Lumbar area by Doctor Gloria Liu at Duke Orthopedic Spine Specialist. Doctor Liu recommended Meloxicam.

191. *February 4, 2019* – Plaintiff submitted sick-call for constant suffering of severe hip pains. See Exhibit C1 (Carbon Copy of Sick-Call).

192. February 12, 2019 – Plaintiff submitted sick-call of severe hip pains. See Exhibit C1.

193. *February 12, 2019* – Plaintiff signed Acknowledgement from Industrial Committee issued to Plaintiff by Defendant Robert Mask (Case Manager). Plaintiff discussed with Defendant Robert Mask the utterly importance of needing to receive treatment and a transfer.

194. *February 14, 2019* – Plaintiff's Fiancée Ronda Burton contacted Defendant Robert Mask concerning Plaintiff's health care.

195. February 15, 2019 – Plaintiff's was on sick-call list yet it would be rescheduled by words of the Correctional Officer.

196. *February 15, 2019* – Plaintiff submitted sick-call for major hip pains. See Exhibit C1.

197. *February 19, 2019* – Plaintiff was seen on sick-call. Not anything was given to Plaintiff for pains or medical accommodation needed.

198. *February 21, 2019* – Plaintiff received second denial for ADA (Inmate Reasonable Accommodation Request Form) See Exhibit E (IRAR Form).

27

199. *February 23, 2019* - Plaintiff submitted          sick-
     call for chronic and debilitating pains.  See Exhibit00
     C1 (Carbon Copy of Sick-Call).

200. February 28, 2019 - Plaintiff was seen on sick-call by
     Defendant Brandon Barrier who stated, "Tylenol 500 and
     Moxelcam had been prescribed for pains" the then stated,
     "From my understanding you can walk just fine."  Without
     hesitation he made a ridiculous false statement, "You
     stepped on the weight scale without any problem." When
     indeed, Defendant Brandon Barrier assisted Plaintiff with
     stepping up on the weight scale.

201. *March 8, 2019* - Plaintiff submitted another sick-call for
     major hip pains.  See Exhibit C1.

202. *March 19, 2019* - Plaintiff submitted another sick-call for
     major hip pains.  See Exhibit C1.

203. *March 20, 2019* - Plaintiff was seen by Nurse Winegar on
     sick-call for excruciating hip pains. Plaintiff.explained
     possible complications from Tylenol 500 with pre-existing
     internal problems and its failure to relieve Plaintiff of
     chronic pains.

204. *March 26, 2019* - Plaintiff submitted sick-call for the non-
     stop horrible hip/back pains. See Exhibit C1.

205. *April 5, 2019* - Plaintiff received response from North
     Carolina Board-of-Nursing advising Plaintiff to use the
     prison grievance system. See Exhibit D.

206. *April 8, 2019* - Plaintiff submitted sick-call for severe
     hip pains.  Still no diagnosis for hip pains or any
     additional examinations performed.  See Exhibit C1.

## Verification

I, BENSON MOORE _____, have read the foregoing complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct

Executed at Spruce Pine, North Carolina:

Sign: _____

Date: July 22, 2019 _____

Benson Moore
545 Anity Park Road
Spruce Pine, NC 28777

STATE OF NORTH CAROLINA _Mitchell_

COUNTY OF _____

**AFFIDAVIT**

_Benson Moore_, being duly sworn, deposes and says:
(Print Name of Claimant)

1. That his name is _Benson Moore-Bey_

2. That he lives at _Mountain View Correctional Institute #4855_

   and that his mailing address is _545 Amity Park Rd. Spruce Pine, NC 28777_

3. That he hereby files a claim against _N.C Dept. of Public Safety_
   (State Agency or County Board of Education)

   and that its mailing address is _831 W. Morgan St. Raleigh, NC 27603_

4. That he has been damaged in the amount of $ _<10K_ by reason of the negligent conduct of the employee/agent

   named here _Jeffery Patane, P.A Norma Melton, RN_
   (Name(s) of negligent employee/agent)

5. That the injury or accident giving rise to this claim occurred at _Mountain View Correctional Inst._
   (Print Name of County and Exact Location Where Accident Occurred)

   _____ on _____ _____ _____ _____.M.
                                 (Month)  (Day)   (Year)   (Time)

6. That the injury or property damage occurred in the following manner: _Defendant(s) have repetitively denied plaintiff_
   (Give Brief Statement of What Happened, Names of Witnesses, etc.)

   _medical treatment, accommodations & recommended appts. by Dr.'s in specialize fields_
   _such as chronic care, Sports Medicine, Spine Specialist & Podiatry. Defendants has_
   _cancel, denied & disregarded the following recommendations: Follow-up appt. on_
   _7-21-17 by Rodney Fitzhugh, MD - G.I appt. on 7-31-19 by Hugh Watts, MD -_
   _Lidocaine Patch on 10-2-19 by Anthony Searles, MD - Neurontin pain meds. on_
   _2-13-18 by Gloria Lui, MD - Hip Specialist Ref. on 3-21-19 by Gloria Lui, MD._
   _Defendants denied renewal of Orthopedic Boots on 5-21-19 - Failed to order MRI_
   _Examination after numerous X-Rays - Denied a medical Transfer to avoid the 3½ hr._
   _One way appt. to Duke Orthopedic -_

7. That the damages claimed above consist of _____
                                               (Itemize Repair Bill, Medical Bills, etc.)
   _Perpetuating pains while being subject to ridicule & derision as plaintiff now_
   _seeks mental health assistant for the daily suffering from a chronic pain illness._

   _____        _7-19-19_
   (Signature of Claimant)                (Date)

Subscribed and sworn to before me this _19_ day of _July 2019_

_____        My Commission Expires _11-20-22_
Signature and Seal of Clerk of Court or Notary Public

**FILE FOUR COMPLETE COPIES WITH THE INDUSTRIAL COMMISSION**
(If estimates of damages are submitted attach 2 copies)
See Next Page for filing instructions

PEGGY S DALE
NOTARY PUBLIC
MITCHELL COUNTY, NC

FORM NCIC-T-1
10/2017
PAGE 1 OF 2

**FORM T-1**   CLAIM FOR DAMAGES UNDER TORT CLAIMS ACT

## VI.   ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?   ☑ Yes   ☐ No

    If no, explain why not:

_____

_____

_____

_____

_____

Is the grievance process completed?   ☑ Yes   ☐ No

    If no, explain why not:

_____

_____

_____

_____

_____

## VII.   RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

    — See Attachment —

_____

_____

_____

_____

_____

_____

Case 1:20-cv-00058-MR   Document 2   Filed 07/30/19   Page 52 of 75

State of North Carolina
Roy Cooper
Governor

Kimberly D. Grande
Executive Director

Members
Robert E. Campbell, Esq.
Jonathan D. Franklin
H. Gerald Beaver, Esq.
David W. Addison, Esq.
Phyllis S. Leary

## Step Three - Administrative Remedy Response

| | | | |
|---|---|---|---|
| **Inmate:** | **MOORE,BENSON M** | **Tracking No:** | **0000356292** |
| **Inmate #:** | **0584589** | **Unit Grievance No:** | **4855-2018-HPOD—09756** |
| **Location:** | **4855-MOUNTAIN VIEW CI - HPOD-102** | **Date Received:** | **01/25/2019** |
| | **Courier # 12-69-01** | | |

## Grievance Examiner: Findings and Disposition Order

This examiner has carefully reviewed this grievance and the Step 1 and/or Step 2 responses by staff. My examination of this grievance reveals no violation of applicable Prisons policy nor does it show any evidence of staff misconduct. Nor does it show any evidence of staff deliberate indifference to this offender's serious medical needs.

On this record, it appears that medical staff have seen and treated this offender within the parameters of the Health Care Policy. The disagreement of the offender with that of trained medical professionals does not render the professionals' judgment incompetent nor does it signify any indifference to inmates' care. Custody officials must rely on the qualified judgment of medical professionals charged with inmate healthcare. Offender was a no show for his provider appointment on 12/31/18. The offender is encouraged to continue to submit sick calls and attend medical appointments to inform staff of any ongoing concerns or changes in his medical condition.

Offender is on backlog list for transfer.

This grievance is dismissed as it has been resolved.

02/06/2019
_Date_

BROWN, FAUSTINA F.
_Inmate Grievance Examiner Electronic Signature_

cc: CTS

# North Carolina Department of Public Safety

*Prisons*

Roy Cooper, Governor
Erik A. Hooks, Secretary

Reuben F. Young, Chief Deputy Secretary
Kenneth E. Lassiter, Director

## DC-410 Screening Response

**Regarding Grievance No.: 4855-2018-HPOD--09756**
**Received: 12/19/2018**

**Inmate:    MOORE, BENSON M - 0584589**
**Location:  4855-MOUNTAIN VIEW CI - HPOD-102**

The grievance you have submitted has been accepted and will begin a review process. A response will be sent within 15 calendar days of 12/21/2018.

| 12/21/2018 | PHILLIPS, KELLA |
|---|---|
| *Date* | *Staff Electronic Signature* |

cc: CTS



**MAILING ADDRESS:**
545 AMITY PARK ROAD
SPRUCE PINE, NC 28777-6210

**OFFICE LOCATION:**
545 AMITY PARK ROAD
SPRUCE PINE, NC 28777-6210
Telephone: (828)766-2555
Fax: (828)765-2978

WWW.NCDPS.GOV
*An Equal Opportunity Employer/Affirmative Action Employer*

Case 1:20-cv-00058-MR   Document 2   Filed 07/30/19   Page 54 of 75

DC–410 (Rev. 07/15)

## NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY
## PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE

Inmate Name: BENSON MOORE

Inmate #: 0584589

Location: H-102

Date: 12-18-18

Grievance Statement: This grievance is in response to the tactical response of my prior grievance #4855-2018-HPOD-08869. As my physical condition continues to be affect by several unidentified & identified debilitating conditions there continues to be a denial for adequate examinations & accommodations to assist in the threshold of pain. As I agreed with step 2 response for grievance #4855-2018-HPOD-08869 that my medical needs be honored as I've already been prescribe an continue course of treatment with adequate accommodations, pain medication & schedule appt. that were

What remedy would resolve your grievance?: As this is my 4th grievance concerning staff's indifference to a medical need that alters my daily abilities I've given Administion ample opportunity to intervene as the egregious actions of their subordinates fail to comply with NC DPS Health Policy Manual

Inmate Signature: Benson Moore

---

### OFFICIAL USE

Date received: 12/19/18

Receiving Officer Signature: V. Sellers

Staff ID: SVL06

Facility #: 4855    Year: 2018    Housing #: HPOD-    Sequence #: 09756

Distribution: White - Facility Copy; Pink - Inmate Copy

DC–410 (Rev. 07/15)

**NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**
**PRISONS**
**ADMINISTRATIVE REMEDY PROCEDURE**

Inmate Name: Benson Moore

Inmate #: 0584589

Location: H-102

Date: 12-18-18

Grievance Statement: Abruptly discontinue upon arrival here at Mountain View Corr. Inst. As a result of this agreement per a Mr. Dexter Gibbs that I be seen by Supervisor Nurse Melton to properly examine my medical needs & my request to continue follow-up treatment to the Orthopedic, an MRI on my upper back & left hip & a consistent effective pain medication administer. This agreement was signed on October 19, 2018. On October 19, 2018 I was called to Medical to speak with Supervisor Nurse Melton who quickly acknowledge to me that I can file as many

What remedy would resolve your grievance?: & with such incompetents the only corrective course would be a transfer to an more appropriate facility as my healthcare takes presidents over all custody standards.

Inmate Signature: _Benson Moore_

---

**OFFICIAL USE**

Date received: 12/19/18

V. Sellers
Receiving Officer Signature

SVL06
Staff ID

Facility #: 4855   Year: 2018   Housing #: HPOD-   Sequence #: 09756

Distribution: White - Facility Copy; Pink - Inmate Copy

DC–410 (Rev. 07/15)

**NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**
**PRISONS**
**ADMINISTRATIVE REMEDY PROCEDURE**

Inmate Name: BENSON MOORE                    Inmate #: 0584589

Location: H-102                    Date: 12-18-18

Grievance Statement: GRIEVANCES AS I WANT but NOTHING is going to be done for you. Ms. MELTON stated that "I don't have a leg to stand on" as I felt this to be VERY disrespectful being that I'm in a wheelchair. She continues with saying "that I dropped the ball & how I have NO grounds for treatment". As I mention that my pains lead me to AN hungar strike for 10 days from 12/30/17 – 1/9/18 as I attempted to demonstrate my medical need for pain management & accommodations Whereas I wrote a statement to Sgt. Price on 1/9/18 explaining my

What remedy would resolve your grievance?: _____

_____

_____

_____

Inmate Signature: Benson Moore

---

**OFFICIAL USE**

Date received: 12/19/18          V. Sellers
                                 Receiving Officer Signature          SVLD6
                                                                      Staff ID

Facility #: 4855    Year: 2018    Housing #: HPOD-    Sequence #: D9756

Distribution: White - Facility Copy; Pink - Inmate Copy

4 of 12

DC–410 (Rev. 07/15)

## NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY
### PRISONS
### ADMINISTRATIVE REMEDY PROCEDURE

Inmate Name: Benson Moore    Inmate #: 0584589

Location: H-102    Date: 12-18-18

Grievance Statement: Reasoning for not eating. Ms. Melton's response was that "You not eating ain't going to make me do nothing because I'm going to eat, your eating has nothing to do with me". As I continue to explain to Supervisor Nurse Melton that I've tried to rectify the wrongful discontinuing of current prescribe accommodations, effective pain medication (tramadol) & cancellation of G.I. appt. & Podiatrist follow-up appts. that were cancel by a Jeffery Patane P.A on 12/1/17 the day I arrived at Mountain View Corr. Inst. My efforts consist

What remedy would resolve your grievance?: _____

Inmate Signature: _____

---

**OFFICIAL USE**

Date received: 12/19/18

V. Sellers
Receiving Officer Signature

SVLD6
Staff ID

Facility #: 4855    Year: 2018    Housing #: HPDN-    Sequence #: 09756

Distribution: White - Facility Copy; Pink - Inmate Copy

DC–410 (Rev. 07/15)

**NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**
**PRISONS**
**ADMINISTRATIVE REMEDY PROCEDURE**

Inmate Name: Benson Moore    Inmate #: 0584589

Location: H-102    Date: 12-18-18

Grievance Statement: of sick-calls dated at the time for 12/4/17, 12/13/17, 12/21/17 & 2-medical Emergencies dated on 12/4/17 & 12/21/17 in-which I was seen on 3 occassions & told the same thing "that here at Mountain View we don't follow anyones rules but ours & that I don't fit the criteria for any of my current treatment & if our Dr. at Mountain View didn't prescribe it, it's no good here". Ms. Melton continue to discredit my diagnosis of bone-on-bone deterioration, spinal stenosis, deteriating disc with comments that "As we get older our bones deteriate

What remedy would resolve your grievance?:

Inmate Signature: Benson Moore

**OFFICIAL USE**

Date received: 12/19/18    V. Sellers
Receiving Officer Signature    SVLO6
Staff ID

Facility #: 4855    Year: 2018    Housing #: HPOD.    Sequence #: 09756

Distribution: White - Facility Copy; Pink - Inmate Copy

6 of 12

DC–410 (Rev. 07/15)

**NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**
**PRISONS**
**ADMINISTRATIVE REMEDY PROCEDURE**

Inmate Name: Benson Moore                     Inmate #: 0584589

Location: H-102                               Date: 12-18-18

Grievance Statement: And its something you have to deal with". Ms. Melton attitude during this meeting was to make it known to me that nothing is going to be done at Mountain View for me. Ms. Melton concluded the meeting with "Ain't nothing I can do". My request for a PRN medication that an RN can administer under Health Policy TX 11-19 were denied, my request for follow-up appt. to Duke Orthopedic denied & the pain medication recommendations of Neutroin/Gabapentin by Duke Orthopedic denied. This meeting with Supervisor Nurse Melton was very troubling psycholog-

What remedy would resolve your grievance?: _____

_____

_____

_____

Inmate Signature: Benson Moore

| **OFFICIAL USE** |
| --- |

Date received: 12/19/18        V. Sellers              SVL06
                          Receiving Officer Signature      Staff ID

Facility #: 4855    Year: 2019    Housing #: HDDD    Sequence #: 09756

Distribution: White - Facility Copy; Pink - Inmate Copy

Case 1:20-cv-00058-MR   Document 2   Filed 07/30/19   Page 60 of 75

DC–410 (Rev. 07/15)

## NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY
## PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE

Inmate Name: BENSON MOORE                          Inmate #: O584589

Location: H-102                                    Date: 12-18-18

Grievance Statement: iCally due to her MANNERism & CONViction on denying
All PRIOR ACCOMMAdations & TREATMENT OVER the last 5 years. PRior to
this MEeTiNG I WROTE MR. DexTER GibbS on OctobER 18, 2018 CONCERNiNG
the UNPROFESSIONALiSM of MS. MELtON that I had PREViOUS EXPERiENCE ON
Dec. 1, 2017 wheN JEffERy PATANE P.A & MS. MELtON STRipped ME of
All ACCOMMAdatioNS & TREATMENT. I MENtiON how this iNdiffERENCE has
beGAN to AffEct ME psychological, how I EXPERiENCE NERVOUS ENERGY that
MAKE MY GESTURES & REMARKS UNCONtRollAble. These UNfAMiliAR psychological

What remedy would resolve your grievance?: _____

_____

_____

_____

Inmate Signature: Benson Moore

---

## OFFICIAL USE

Date received: 12/19/18

V. Sellers
Receiving Officer Signature

SVLO4
Staff ID

Facility #: 4855     Year: 2018     Housing #: HPOD-     Sequence #: O9756

Distribution: White - Facility Copy; Pink - Inmate Copy

DC–410 (Rev. 07/15)

## NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY
### PRISONS
### ADMINISTRATIVE REMEDY PROCEDURE

Inmate Name: BENSON MOORE          Inmate #: 0584589

Location: H-102          Date: 12-18-18

Grievance Statement: Affects force ME to Request MENtal health assistance on October 25, 2018. As I expressed to the psycharist Ms. Slagle how Nurse Melton & Jeffery Patane P.A has denied treatment forcing ME to Endure UNREasonable pain & suffering while justifying their behavior with Prison Policy for Mountain View, thats in complete violation of the NC DPS Health Service Policy Manual. This meeting with Ms. Slagle Resulted in her informing ME that she can't assist ME. Following this meeting I wrote Superintendent Slagle & Nurse Melton again on October 31, pleaing

What remedy would resolve your grievance?: _____

_____

_____

_____

Inmate Signature: Benson Moore

---

**OFFICIAL USE**

Date received: 12/19/18          V. Sellers          SVLO6
                              Receiving Officer Signature          Staff ID

Facility #: 4455    Year: 2018    Housing #: HPDD-    Sequence #: 04756

Distribution: White - Facility Copy; Pink - Inmate Copy

DC–410 (Rev. 07/15)

## NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY
## PRISONS
### ADMINISTRATIVE REMEDY PROCEDURE

Inmate Name: BENSON MOORE          Inmate #: 0584589

Location: H-102          Date: 12-18-18

Grievance Statement: MY NEED FOR ACCOMMADATIONS FOR A SERIOUS MEDICAL NEED.
Also, SINCE this CONDITIONAL ACCEPTANCE OF MY PRIOR GRIEVANCE # 4855-
2018-HPOD-08869 I've submitted sick-calls dated FOR 10-31-18, 11-14-18,
11-20-18, 12-1-18, 12-9-18 ONLY to be told the EXACT SAME REASON FOR
the discontinuing OF CURRENT PRESCRIBE ACCOMMADATIONS which WAS "HERE
AT MOUNTAIN VIEW WE ONLY FOLLOW OUR RULES & REGULATIONS. I WAS SEEN ON
Sick-call by A NURSE WINEGAR ON 11-20-18 & just like ALL MY PRIOR Attempts
ON 12-4-17, 12-13-17 & 12-21-17 the SAME RESPONSE WAS GIVEN. This level OF

What remedy would resolve your grievance?: _____

_____

_____

_____

Inmate Signature: Benson Moore

---

**OFFICIAL USE**

Date received: 12/19/18          V. Sellers          SVLDU
                              Receiving Officer Signature          Staff ID

Facility #: 4855     Year: 2018     Housing #: HPOD-     Sequence #: 09756

Distribution: White - Facility Copy; Pink - Inmate Copy

DC–410 (Rev. 07/15)

## NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY
## PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE

Inmate Name: Benson Moore                    Inmate #: 0584589

Location: H-108                              Date: 12-18-18

Grievance Statement: Mistreatment violates the standard of care that mandates to protect inmates from incompetent & indifferent staff. As this level of treatment seems to be the norm at Mountain View Corr. Inst. staff actions violate Title II of the Americans with Disabilities Act to be housed at a faculty that can accommodate the medical needs of prisoners. Staff also violates '3504 Rehabilitation Act of 1973 as I've tried to get my ADA form process & approved to achieve some type of gain time being that since my arrival at Mountain View on 12-1-17 I've not been assign

What remedy would resolve your grievance?: _____

_____

_____

_____

Inmate Signature: Benson N Moore

| **OFFICIAL USE** |
|---|

Date received: 12/19/18          V. Sellers                    SVLO6
                                 Receiving Officer Signature        Staff ID

Facility #: 4855    Year: 2018    Housing #: HPOD-    Sequence #: 09756

Distribution: White - Facility Copy; Pink - Inmate Copy

DC–410 (Rev. 07/15)

**NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**
**PRISONS**
**ADMINISTRATIVE REMEDY PROCEDURE**

Inmate Name: BENSON MOORE    Inmate #: 0584589

Location: H-102    Date: 12-18-18

Grievance Statement: to ANYthing. I've submitted A complete form of the inmate REASONABLE Accommodation Request (IRAR) Form 4X's to A Ms. HANKS & EVEN had to result in sending this same form to NC Disability Rights & other outside Advocates. The 8th Amendment of the U.S Constitution MANDATES prison officals to meet the needs of prisoner disabilities & furnish the Assistance that they require in order to live A minimally decent life in prison. Prison Authorities must take the prisoner As they find him & provide facilities compatible with his physical condition.

What remedy would resolve your grievance?: _____

_____

_____

_____

_____

Inmate Signature: Benson Moor

---

**OFFICIAL USE**

Date received: 12/19/18    V Sellers    SVLOG
                           Receiving Officer Signature    Staff ID

Facility #: 4455    Year: 2018    Housing #: HPOD-    Sequence #: 09756

Distribution: White - Facility Copy; Pink - Inmate Copy

DC–410 (Rev. 07/15)

**NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**
**PRISONS**
**ADMINISTRATIVE REMEDY PROCEDURE**

Inmate Name: Benson Moore                    Inmate #: 0584589

Location: H-182                              Date: 12-18-18

Grievance Statement: Prison Authorities or Supervisors are liable if they are aware of a situation & fail to take proper steps to provide adequate medical care. This personal involvement exhibits deliberate indifference to the Constitutional Rights when failing to act on information indicating unconstitutional acts. Indirect participation of Prison officials who set policy, write regulation, or give orders are liable even if they are not directly involved.

What remedy would resolve your grievance?:

Inmate Signature: X Jason May

<div style="border:2px solid black; text-align:center;">

**OFFICIAL USE**

</div>

Date received: 12/19/18        V. Sellers                    SVLD4
                               Receiving Officer Signature      Staff ID

Facility #: 4455    Year: 2018    Housing #: HPOD-    Sequence #: 09756

Distribution: White - Facility Copy; Pink - Inmate Copy

# VII. Relief Requested

Wherefore, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The indifference to plaintiff serious medical needs by the following defendants: Carol Bosholm, Kevin Chung, Jane Doe #1, John Doe #1, Francis Labore, Melanie Alvarado, Jeffery Patane, Ruth Long, Nurse Williams, Valerie Johns, Brandon Barrier, Sergeant Shepard, Joshua Mckinney, Nurse J. Campbell, Sergeant Blackburn, Correctional Officer Raines, and Correctional Officer Rockwell. These individuals violated and continue to violate the plaintiff's rights constituting cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution.

2. Defendant(s) include Kenneth Lassiter, Paula Smith, Tierra Catlett, Dora Plummer, Trisha Jordan, George Soleman, Joseph Valliere, Katy Poole, Mike Slagle, Dexter Gibbs, Robert Mask, Nurse Richardson, Norma Melton, and Kella Phillips. Ms. Slagle failed to intervene to prevent inadequate medical care to violate the plaintiff and continued to violate plaintiff's rights under the 8th Amendment of the United States Constitution.

3. Defendant(s) include Mike Slaqle, Dexter Gibbs, Jeffery Patane, Norma Melton are in violation of the Federal Statue 18 U.S.C 2742 of the 8th Amendment to the United States Constitution the Forbids not only deprivation of medical care that produce physical torture but also less serious denials which perpetuate pain and possibility of developing a life-long handicap or disability.

4. Defendant(s) include Tierra Catlett, Dora Plummer, Trisha Jordan, Nurse Richardson, Norma Melton, Ms. Slagle, Carol Bosholm, Kevin Chung, Jane Doe #1, John Doe #1, Francis Labore, Melanie Alvarado, Jeffery Patane, Ruth Long, Nurse Williams, Valerie Johns, Brandon Barrier, and Nurse J. Campbell are in violation of the North Carolina General Statue #735.40.7(5). This statute requires health services to provide inmates' quality care of a reasonable prudent and careful person as this legal duty is a fixed standard and a violation of this fixed standard is illegal. These defendant(s) are also in violation of the North Carolina General Statue #90.22.21(A) Risk Management to provide medical services consistent with community standards and to provide care to improve the health status of the inmates.

5. Defendant Cindy Haynes actions in denying plaintiff's irar request and defendant Dexter Gibbs actions in sustaining the denial violates the ADA Amendment Act (c) and the Rehabilitation Act as plaintiff is mobility impaired.

B. Issue an injunction ordering defendant(s) Kenneth, Lassiter, Tierra Catlett, Dora Plummer, Mike Slaqle, Dexter Gibbs and their agents to:

1. Immediately arrange for the plaintiff to have a MRI on left hip and thigh (femur bone) area and on mid to upper back (thoracic to cervical spine) for proper diagnosis.

2. Immediately arrange for the plaintiff accommodations that include air mattress with electrical outlet, thermals for lower extremities, ice pack and Lidocaine patch.

3. Immediately arrange for the plaintiff with follow-up examinations and treatment to the Podiatrist, G.I. Specialist, Orthopedic Hip Specialist and Spine Specialist.

4. Carry out immediately the recommended treatment directed by medical practitioners with expertise in respected field.

5. Immediately arrange for plaintiff to be adequately evaluated for ADA/Rehabilitation benefits and accommodations.

C. Award compensatory damages in the following amounts:

1. $500,000 jointly and severally against defendant(s) Carol Bosholm, Kevin Chung, Jane Doe #1, Francis Labore, Melanie Alvarado, Jeffery Patane, Ruth Long, Nurse Williams, Valerie Johns, Brandon Barrier, Joshua McKinney, Nurse J. Campbell, Dr. Ellis, Norma Melton, Nurse Richardson for the pain and suffering, unreasonable delay, denial, and emotional/mental injuries sustain as a result of inadequate medical care.

2. $250,000 jointly and severally against defendant(s) Kenneth Lassiter, Paula Smith, Tierra Catlett, Dora Plummer, Trisha Jordan, George Soleman, Joseph Valliere, Kathy Poole, Mike Slagle, Dexter Gibbs, Robert Mask, and Kella Phillips. Ms. Slagle failed to intervene and to prevent an indifference to plaintiff serious medical needs.

3. $500,000 jointly and severally against defendant(s) George Soleman, Paula Smith, Charlotte Evans, Doctor Davis, Dr. John Doe #2, Dr. John Doe #3, Nurse Hubett, Nurse Ayscue under the continuing wrong rule for ongoing failure to diagnosis and treat an ongoing harm that perpetuated plaintiffs pains and condition. This included a part of the same repugnant repetitive series of transactions and re-occurrences under rule 201(A) Federal Rules of Civil Procedure.

D. Award punitive damages in the following amounts:

1. $150,000 jointly and severally against defendant(s)s Carol Bosholm, Jane Doe #1, John Doe #1, Francis Labore, Melanie Alvarado, Jeffery Patane, Ruth Long, Brandon Barrier, Joshua Mckinney, Nurse J. Campbell, Doctor John Doe #2, Doctor Davis, Norma Melton.

2. $500,000 jointly and severally against defendant(s) Tierra Catlett, Dora Plummer, Trisha Jordan, Joseph Valliere, Mike Slagle, Dexter Gibbs, Robert Mask, Kella Phillips

E. Grant such other relief as the court may deem fit that plaintiff is entitled.

Date: July 22, 2019
Respectfully submitted,
Sign:

Benson Moore #0584589
545 Amity Park Road
Spruce Pines, NC 28777

Claims For Relief

A.  Deliberate Indifference to Serious Medical Needs

207. Defendant(s) the Prison Medical Providers have a policy
     titled 'Health Service Policy and Procedure Manual'.
     Section: Utilization Management Policies: Policy #AD III-7
     which states: Whenever there are complaints of joint pain
     a MRI is performed and upon results of the MRI either a
     recommendation to the Orthopedic or a trial of physical
     therapy, muscle relaxants, analgesics and NSAID to be
     administered for 6-12 weeks, if relief fails to begin pain
     management injections.  See Exhibit G. (Health Policy
     ADIII-7).

208. Defendant(s) the Prison Medical Providers have a policy
     titled 'Health Service Policy and Procedure Manual'
     Section: Chronic Pain; Policy # CP-11 which states: after
     an aggressive trial of physical therapy, Non-Opiods,
     Tricyclic Antidepressants, Amtriptyline, Anticonvulsants
     and Topical Agents that Opiods are the preferred long-
     acting therapy recommended.  See Exhibit G. (Health Policy
     CP-11).

209. Defendant(s) the Prison Medical Providers have a policy
     titled 'Health Service Policy and Procedure Manual'
     Section: 'Clinical Practice Guidelines'; Policy #CP-1
     which states for Osteoarthritis and Lower Extremities
     Tramadol is recommended for symptons of movement, insidious
     onset, tightness, loss-of-control, tenderness of joint
     particularly alongside hip line.  See Exhibit G. (Health
     Policy CP-1).

210. Defendant(s) failed to follow guidelines of ordering a MRI
     on hip joint area, administer pain injections or/and
     prescribe on a continuance basis the recommended medication
     for chronic pains.  Defendant(s) has for 6-12 years instead
     of 6-12 weeks placed plaintiff on a vicious repetitive
     pattern of Psychodic and NSAID medication which have

ultimately resulted in substantial injury of irreparable harm that has immobilized plaintiff.

B. Reprisal

211. The refusal of Defendant Valerie Johns(on a sick-call appointment for October 19, 2017) to order requested/approved accommodation(s) from Doctor Anthony Searles and the denial of scheduling follow-up GI appointment recommended by Orthopedic Doctor Boyd Watts prompted Plaintiff to contact Family Member Deborah Moore to inform North Carolina Department of Public Safety-Medical Division of Defendant Valerie Johns indifference.

212. During November 15, 2017 through November 25, 2017 phone calls were made between Family Member Deborah Moore and Defendant Dora Plummer as well as Defendant Joseph Valliere.

213. As a result of these phone calls concerning Plaintiff's health on December 1, 2017, Defendant Joseph Valliere personally pushed Plaintiff in wheelchair of camp to be transferred to another camp. Upon arrival at new camp, Plaintiff was immediately stripped of all medical accommodations and was denied possession of the previous prescribed effective pain medication.

C. Violation of Federal Statue 18 U.S.C. 242

214. Defendant Jeffery Patane and Defendant Norma Melton egregious actions of depriving Plaintiff of six up-to-date medical accommodations used to assist in alleviating chronic pains that are aggravated by the harsh demography of prison structure has and is causing unnecessary pains and damaging an existing physical impairment.

215. Defendant Jeffery Patane and Defendant Norma Melton failure to adequately assess Plaintiff's physical condition and thereby abruptly discontinuing Plaintiff's accommodations without any alternative course of effective treatment. To continue such actions demonstrated intentions to cause upon Plaintiff physical torture and emotional/mental torment.

216. Defendant Jeffery Patane and Defendant Norma Melton hostility, brutality, and viciousness is inhumane as Plaintiff has attempted only to rectify the injustice of Defendant(s) actions whereas Plaintiff to date has submitted approximately 20 sick-calls including declared medical emergencies plus a hunger strike from December 30, 2017 to January 9, 2018 in an attempt to demonstrate the need for accommodations, pain medication and an adequate examination. Defendant(s) actions have caused excruciating pains and increased risk of permanent impairment.

D. Violation of State Statue 735-40.7(5) and 90.22.21(A)

217. The Failure of adequately diagnosing and treating Plaintiff by the Defendant Prison Medical Providers violates the statutory duty created by legislature under North Carolina General Statue #735-40.7(5) to provide inmates with quality care. As this is a Fixed Standard that protects inmates along with the 8th Amendment to the United States Constitution due to the dependability inmates must rely upon prison authorities for healthcare. Defendant Prison Medical Providers have an affirmative duty to provide competent, diligent medical services and comprehensive healthcare consistent with community standard as to improve the health status of inmates. Defendant Prison Medical Providers have failed repeatedly to prescribe/order a MRI examination for joint, cartilage or ligament damage associated with Plaintiff symptoms of mechanical complications and internal derangement.

218. The refusal of Defendant Prison Medical Provider to properly evaluate Plaintiff left hip violates North Carolina General Statue #90.22.21(A) Risk Management as Plaintiff debilitating injury gradually worsened. Defendant Prison Medical Providers displayed no attempt of administering a cognitive treatment plan associated with the provisions of the Risk Management Statue for corrective treatment designed to improve and/or strengthen mobility. Plaintiff has endured years of substandard care with great indifference for professionalism as Defendant Prison Medical Providers have made comments referring to cost,

31

status quo and placebo guidelines in reference to Plaintiff's constant suggestion of a MRI examination.

219. As a result of Defendant Prison Medical Provider subsidized medical care, Plaintiff has suffered years of re-occurring agonizing pains all the while the Plaintiffs insidious condition worsens elevating function creating a handicap. Defendant Prison Medical Provider's overall care of Plaintiff's condition clearly demonstrates a great disservice in providing for the public.

E. Continuing Wrong Violation

220. The various failures of Defendant Prison Medical Providers to diagnosis and treat Plaintiff in-accordance to the North Carolina Department of Public Safety-Health Service Policy and Procedure were a part of the same series of occurrences. Defendant Prison Medical Providers have for years attempted to mask Plaintiff's chronic pains without any attempts to further examine for an adequate diagnosis to effectively treat plaintiff's condition thus resulting in a constant pattern of prescribing NSAID medications and repetitive X-Rays while discrediting Plaintiff pain complaints classifying Plaintiff as a Malinger.

221. The Defendant Prison Medical Providers ongoing failure to treat an ongoing debilitating condition accrues continuously with the renewal of numerous prescribe medications which expire every 6 month to a year. Plaintiff has adamantly remained diligent in informing Defendant Prison Medical Providers of the severe pains endured. Defendants have knowingly ignored Plaintiff complains of pains without any logical explanation other than advising Plaintiff there is probably arthritis in the hip nevertheless Plaintiff's hip x-rays show no-signs of arthritis. See Exhibit B (Inmate Request Form).

222. As a result of years of inadequate substandard treatment Plaintiff has/is bound to a wheelchair suffering from the same symptoms Plaintiff has complained about since 2005. Being that inadequate treatment and continued very cold inhabitant conditions that Plaintiff has developed a handicap affecting ability to walk and with a recent report

32

from Orthopedic Doctor Boyd Watts on June 22, 2017 stating that "the nail in Plaintiff's leg appeared to be embedded in the bone. See Exhibit F (Novant Health Report). If at some point Defendant Prison Medical Provider would have administered adequate care, Plaintiff's ability to walk would not be as it is at this point which is shattered.

223. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injury by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

33

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?  ☑ Yes  ☐ No

If yes, how many?  _____1_____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

1: File No. 5:18-CT-3343D, Deliberate Indifference Failing to protect from physical harm, Case still pending.

## IX.    PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

July 22, 2019
Dated

Plaintiff's Signature

BENSON MOORE
Printed Name

0584589
Prison Identification #

545 Amity Park Rd.            Spruce Pine            NC            28777
Prison Address                City                State        Zip Code