UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-58-FDW

| | |
|---|---|
| BENSON MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| KENNETH LASSITER, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on transfer of this action from the Middle District of North Carolina. (Doc. No. 12). Plaintiff has moved to proceed *in forma pauperis*, (Doc. No. 1),[1] and a Motion to Amend/Update the Complaint, (Doc. No. 11), is also pending.

*Pro se* incarcerated Plaintiff filed a civil rights suit addressing the conditions he allegedly experienced at a number of correctional institutions including the Mountain View Correctional Institution. The Middle District screened the Complaint and dismissed all claims except those pertaining to Mountain View C.I. against Defendants Kenneth Lassiter, Tierra Catlett, Trisha Jordan, Mike Slagle, Dexter Gibbs, Robert Mask, Norma Melton, Kella Phillips, Ms. Slater, Donald Grindstaff, Jeffrey Patane, Brandon Barrier, Sergeant Shepard, Joshua McKinney, and Nurse J. Campbell. The Middle District transferred the case to this Court for further consideration. (Doc. No. 12).

The Complaint alleges a lack of medical care and accommodations that Plaintiff experienced upon his arrival at the Mountain View C.I. on December 1, 2017 through April 8,

---

[1] The Middle District granted Plaintiff leave to proceed *in forma pauperis* only for purposes of screening the Complaint.

1

2019. (Doc. No. 2). In the Motion to Amend/Update the Complaint, Plaintiff seeks to add allegations of inadequate treatment and accommodations from April 12, 2019 through January 8, 2020 at Mountain View C.I. (Doc. No. 11).

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

None of the time limits set forth in Rule 15 have elapsed so Plaintiff can amend without leave of court. However, Plaintiff will not be permitted to amend his Complaint in a piecemeal fashion as he attempts to do in his Motion to Amend/Update. The Court further notes that Plaintiff's duplicative action, case number 1:19-cv-242, has been dismissed as frivolous without prejudice to raise any claims from that case in the instant action.

Because Plaintiff has demonstrated an intent to amend, the Court will refrain from screening the Complaint at this time. Plaintiff may file an Amended Complaint in accordance with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. See, e.g., Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain

statement of the claim showing that the pleader is entitled to relief….” Fed. R. Civ. P. 8(a)(2). If Plaintiff chooses to file an Amended Complaint, it must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). If Plaintiff fails to file an Amended Complaint within **thirty (30) days** of this Order, the case will proceed on the Complaint as originally filed.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk is respectfully directed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

2. Plaintiff's Motion to Amend/Update the Complaint, (Doc. No. 11), is **DENIED** without prejudice to file an Amended Complaint in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Orders issued in this case. If Plaintiff fails to file an Amended Complaint within 30 days of this Order, the Court will proceed on the Complaint, (Doc. No. 2), as originally filed.

3. The Clerk is directed to mail Plaintiff a blank § 1983 civil complaint form.

Signed: April 2, 2020

Frank D. Whitney
Chief United States District Judge