# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00058-MR

| | |
|---|---|
| **BENSON MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **KENNETH LASSITER, et al.,** | )   **ORDER** |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on several *pro se* Motions [Docs. 3, 6, 7, 17].

The incarcerated Plaintiff filed this civil rights action in the United States District Court for the Middle District of North Carolina, complaining that he allegedly received inadequate medical care at several North Carolina prisons, including Mountain View Correctional Institution (Mountain View CI). On initial review, the Middle District dismissed all the Plaintiff's claims against all the named Defendants except for those connected to incidents that allegedly occurred at Mountain View CI. [Doc. 12]. The Middle District deferred the initial review on those remaining claims and then transferred the action to this Court. [Id.].

Upon receiving this action from the Middle District, this Court considered the Plaintiff's claims against the fifteen remaining Defendants, including several Mountain View CI administrators and medical personnel. The Complaint passed initial review on claims of deliberate indifference to a serious medical need against: Mike Slage, the Mountain View CI superintendent; Norma Melton, the Mountain View CI head nurse; and Brandon Barrier and J. Campbell, Mountain View CI nurses. [See Doc. 19].

Several *pro se* Motions are presently pending for the Court's consideration.

First, the Plaintiff seeks the appointment of counsel to represent him in this action. [Doc. 6]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel, and therefore, this request is denied.

Second, the Plaintiff has filed a "Motion to Overcome the Affidavit Requirement Under the Common Knowledge Rule" [Doc. 7]. The Plaintiff appears to ask the Court to find that expert testimony regarding the medical

standard of care will be unnecessary at trial pursuant to the "common knowledge" rule.  See generally Fed. R. Evid. 702; United States v. Dorsey, 45 F.3d 809, 815 (4th Cir. 1995).  The Plaintiff's request would require the Court to issue an advisory opinion on an evidentiary matter that may arise if the case were to proceed to trial.  Accordingly, the Plaintiff's Motion is denied.

Finally, the Plaintiff has filed a "Motion for Preliminary Injunction and a Temporary Restraining Order" [Doc. 3] and a "Motion to Advance the Cause" [Doc. 17], in which he also appears to seek preliminary injunctive relief with respect to his claims.

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court.  In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003); see Virginia v. Kelly, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order).  It is an extraordinary remedy never awarded as of right.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).  In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987).  "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  Winter,

555 U.S. at 24.  To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20).

The Plaintiff has failed to demonstrate that relief should be granted.  As a preliminary matter, the Motions are moot insofar as they pertain to claims and Defendants that have already been dismissed from this action.  To the extent that Plaintiff seeks injunctive relief with respect to the medical care he is continuing to receive at his current place of incarceration, the Plaintiff has not established that he is likely to succeed on the merits of his claims of deliberate indifference; that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief; that the balance of equities tip in his favor; or that an injunction is in the public interest.  For all these reasons, the Motions are therefore denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order [Doc. 3] is **DENIED**.

(2) Plaintiff's Motion for the Appointment of Counsel [Doc. 6] is **DENIED**.

(3) Plaintiff's "Motion to Overcome the Affidavit of Merit Requirement Under the Common Knowledge Rule" [Doc. 7] is **DENIED**.

(4) Plaintiff's "Motion to Advance the Cause" [Doc. 17] is construed as a Motion for Preliminary Injunction and Temporary Restraining Order and is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 2, 2021

Martin Reidinger
Chief United States District Judge