# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00058-MR

| | |
|---|---|
| **BENSON MOORE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **KENNETH LASSITER, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Public Safety's ("NCDPS") sealed Notice [Doc. 30] regarding the Court's Request for Waivers of Service [see Doc. 20].

The Complaint passed initial review against Defendants Mike Slagle, Norma Melton, Brandon Barrier and "J. Campbell," and the Court initiated the procedure for waiver of service. [Doc. 19]. Service waivers have been filed for all of the Defendants except Defendant Campbell, whom NCDPS has identified as Gladys Jean Campbell. [Doc. 29-1].[1] NCDPS is unable to waive service for Defendant Campbell, who is no longer employed by

---

[1] A Motion to Deem Waivers of Service of Summons Timely Filed is presently pending. [Doc. 29].

NCDPS; it has provided this Defendant's last known addresses under seal. [See Doc. 30].

The Clerk will be directed to notify the U.S. Marshal that Defendant Campbell needs to be served with the summons and Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendant Campbell cannot be served at the addresses provided by NCDPS, the U.S. Marshal shall be responsible for locating her home addresses so she may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915….").

If the U.S. Marshal is unable to obtain service on Defendant Campbell, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendant's home address to the *pro se* incarcerated Plaintiff and shall file any document containing such address under seal.

The Clerk of Court will be instructed to update the Court file with Defendant Campbell's correct name as reflected in this Order.

**IT IS THEREFORE ORDERED that** the U.S. Marshal shall use all reasonable efforts to locate and obtain service on **Defendant Gladys Jean Campbell.** If the U.S. Marshal is unable to obtain service on Defendant Campbell, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

The Clerk is respectfully instructed to mail a copy of the Complaint [Doc. 2], the Sealed Notice containing Defendant Campbell's last known address [Doc. 30], and this Order to the U.S. Marshal.

**IT IS FURTHER ORDERED** that the Clerk is instructed to substitute Defendant J. Campbell's name in the Court's records as Gladys Jean Campbell.

**IT IS SO ORDERED.**

Signed: August 26, 2021

Martin Reidinger
Chief United States District Judge