IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00058-MR

| | |
|---|---|
| BENSON MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KENNETH LASSITER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants Brandon Barrier, Norma Melton, and Mike Slagle's Motion to Deem Waivers of Service of Summons Timely Filed [Doc. 29].

This civil rights action was filed by the incarcerated *pro se* Plaintiff pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on claims against Defendants Slagle, Melton, Barrier, and Gladys Jean Campbell on June 7, 2021, and the Clerk of Court commenced the procedure for waiving service of process that same day. [See Docs. 19, 20].

On August 13, 2021, seven days beyond the deadline for waiving service, the North Carolina Department of Public Safety ("NCDPS") filed the instant Motion with an attached service waiver for Defendants Barrier,

Melton, and Slagle.[1]  [Doc. 29].  NCDPS states that the failure to obtain timely service waivers for these Defendants was due to an administrative oversight and excusable neglect over which Defendants Barrier, Melton, and Slagle had no control.  The Plaintiff has not filed a response to the Motion and the time to do so has expired.

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith."  <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc.</u>, 507 U.S. 380, 395 (1993).

The Defendants' Motion will be granted for good cause shown.  Counsel has demonstrated that the failure to timely waive service was an administrative oversight, and it is evident that denying the Motion would unfairly prejudice Defendants Barrier, Melton, and Slagle.  The Plaintiff has failed to suggest that he would be prejudiced by the Court granting the

---

[1] The Court ordered the U.S. Marshals Service to attempt to locate and obtain service on Defendant Campbell on August 26, 2021.  [Doc. 31].

2

Case 1:20-cv-00058-MR   Document 34   Filed 09/09/21   Page 2 of 3

Motion or that such would unduly delay these proceedings. Accordingly, the Motion will be granted and Defendants Barrier, Melton, and Slagle's waiver of service will be accepted as timely filed.

**IT IS, THEREFORE, ORDERED** that Defendants Barrier, Melton, and Slagle Motion to Deem Waiver of Service of Summons Timely Filed [Doc. 14] is **GRANTED**.

The Clerk is respectfully instructed to docket Exhibit A [Doc. 29-1] as executed Waivers of the Service of Summons, using the Waiver of Service Executed event, so that the Answer deadline for these Defendants will be properly set to commence on the date of this Order.

**IT IS SO ORDERED.**

Signed: September 9, 2021

Martin Reidinger
Chief United States District Judge