,IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00058-MR

| | |
|---|---|
| **BENSON MOORE,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**KENNETH LASSITER, et al.,** )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion for Leave to File an Amended Complaint [Doc. 47].

The incarcerated pro se Plaintiff filed this civil rights action in the United States District Court for the Middle District of North Carolina complaining, *inter alia,* that he received inadequate medical care in at least eight North Carolina prisons including prisons in the Middle District of North Carolina, and at the Mountain View Correctional Institution in this District. [Doc. 2; see Doc. 8]. The Complaint is 75 pages long; names at least 37 Defendants; contains over 200 numbered paragraphs that include extraneous and unclear allegations; and refers to "exhibits" that do not correspond to the attachments to the Complaint. [See Doc. 19 at 2, n.3 and at 3, n.4]. The Middle District dismissed all of the Plaintiff's claims except for those

connected with incidents that allegedly occurred at Mountain View CI. [Doc. 12]. The Middle District deferred initial review of those remaining claims and transferred the action to this Court. [Id.].

At the time of the transfer, a Motion to Amend/Update the Complaint was pending in the case. [Doc. 11]. The Court denied the Motion to Amend/Update Complaint on the grounds that it was a piecemeal attempt to amend the Complaint.[1] [Doc. 15]. The Plaintiff was informed that he "will not be permitted to amend his Complaint in a piecemeal fashion…." [Id. at 2]. The Plaintiff was granted 30 days to file an Amended Complaint that "must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them." [Id. at 3]. He was cautioned that an Amended Complaint would "supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived." [Id.] He was further informed that, should he fail to amend in accordance with the Order, the case would proceed on the Complaint as originally filed. [Id.]. The Plaintiff failed to file an Amended Complaint and, accordingly, the Court reviewed the original Complaint for frivolity. [See Doc. 19].

---

[1] The case was assigned to Judge Frank D. Whitney at that time.

The Complaint passed initial review on claims of deliberate indifference to a serious medical need against: Mike Slagle, the Mountain View CI superintendent; Norma Melton, the Mountain View CI head nurse; and Brandon Barrier and J. Campbell, Mountain View CI nurses. [Id.]. The Court dismissed a number of claims, including a claim of deliberate indifference to a serious medical need against Jeffrey Patane, a Mountain View CI physician assistant. The Court found that the Plaintiff failed to state a claim against Defendant Patane because his disagreements with Patane's diagnosis and treatment recommendations failed to demonstrate that Patane had a deliberately indifferent state of mind. [Doc. 19 at 10-11]. The Plaintiff filed a Motion to Alter or Amend the Order on initial review, arguing that the deliberate indifference claim against Defendant Patane should have been allowed to proceed. [Id. at 3]. The Court denied the Motion to Alter or Amend because it was "essentially an attempt to amend the Complaint in a piecemeal fashion," and found there was no legitimate basis for reconsideration. [Doc. 28 at 4].

The Plaintiff subsequently filed a Motion to Supplement the Complaint that was granted insofar as it added new facts pertaining to the Defendants against whom the Complaint had passed initial review. [Doc. 37]. The Motion was denied as to Defendants who were dismissed on initial review,

3

including Defendant Patane, because the Plaintiff was again essentially "seeking leave to amend on a piecemeal basis…." [Doc. 40 at 3]. This denial was without prejudice for the Plaintiff to file, within 30 days, an Amended Complaint that "will supersede the Complaint and Supplemental Complaint." [Id. at 4]. The Plaintiff was again informed that an Amended Complaint must be on a § 1983 form, clearly identify the Defendants against whom he intends to proceed, and set forth facts describing how each of the Defendants allegedly violated his rights. [Id.]. The Plaintiff was cautioned that, if he failed to timely comply, the Court would proceed on the original Complaint and Superseding Complaint against Defendants Barrier, Campbell, Melton and Slagle. [Id.]. The Plaintiff again failed to amend.

The Court then entered a Pretrial Order and Case Management Plan that set the deadline for filing motions to amend and add parties as February 4, 2022. [Doc. 43]. That deadline was extended to April 10, 2022. [Doc. 46].

On April 7, 2022,[2] the Plaintiff filed the instant Motion for Leave to File an Amended Complaint [Doc. 47] and a proposed Amended Complaint [Doc. 47-2]. The proposed Amended Complaint's Statement of Claim section

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

4

addressing the facts underlying the Plaintiff's claims states *verbatim*: "-See attached sheet- Incorporate by ref. original allegations." [Doc. 47 at 2-3; Doc. 47-2 at 4]. The attached sheet alleges that Defendant Patane "demonstrated extreme indifference towards [Plaintiff's] physical disability and gross disregard" for his pain by: removing doctor-prescribed accommodations; attempting to take the Plaintiff's wheelchair; sarcastically suggesting that the Plaintiff needed to see a psychiatrist, then failing to refer him to one; cancelling three appointments with an orthopedic specialist; ignoring the recommended pain medication and "fraudulently" reporting side effects to from a medication that was never prescribed; and relying on transportation officers' statements about a conversation between the Plaintiff and the specialist to justify the lack of treatment. [Doc. 47 at 2-3].

As a general matter, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (internal quotation omitted). However, a statement in a pleading may be adopted by reference elsewhere in any other pleading or motion. Fed. R. Civ. P. 10(c). Incorporation by reference under Rule 10(c) "must be direct and explicit, to enable the responding party to ascertain the nature and extent of the incorporation." 5A Wright & Miller, Fed. Prac. & Proc. Civ. § 1326 (4th ed.) (footnotes omitted). Incorporation

5

"can easily be abused." Hinton v. TransUnion, LLC, 654 F.Supp.2d 440, 447 (E.D. Va. 2009).

In the instant case, the Complaint was excessively lengthy and contained confusing, scattershot claims that encompassed numerous prisons and Defendants. The Court, accordingly, informed the Plaintiff on at least three occasions that piecemeal amendment would not be allowed. [Doc. 15 at 2; Doc. 28 at 4; Doc. 40 at 3]. The Plaintiff was also offered the opportunity to file a "supersed[ing]" Amended Complaint twice [Doc. 15 at 3; Doc. 40 at 3-4], but he failed to do so. Instead, he filed the instant Motion to Amend and proposed Amended Complaint just three days before the extended amendment deadline expired. Rather than completing a superseding Amended Complaint, he purports to incorporate the original Compliant by reference and to add claims against Defendant Patane. This is yet another attempt to amend on a piecemeal basis and would require the Court and the Defendants to refer to the excessively lengthy and confusing original Complaint, Supplement, and Amended Complaint. He will not be permitted to do so, and the Motion to Amend will be denied. The Plaintiff shall have 30 days in which to file a proposed Second Amended Complaint that will supersede the Complaint and Supplemental Complaint. Any Second Amended Complaint must be on a § 1983 form, clearly identify the

6

Case 1:20-cv-00058-MR   Document 48   Filed 07/11/22   Page 6 of 8

Defendants against whom he intends to proceed, and set forth facts describing how each of the Defendants allegedly violated his rights. Should the Plaintiff fail to comply with this Order, the case will proceed on the claims against Defendants Barrier, Campbell, Melton, and Slagle that were identified in its prior Orders. [Doc. 2, 41; <u>see</u> Docs. 19, 40].

In light of the possibility that a Second Amended Complaint will be filed, the parties shall have until September 5, 2022 to complete discovery, and until October 5, 2022 to file dispositive motions.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pro se Motion for Leave to File an Amended Complaint [Doc. 47] is **DENIED.**

2. The Plaintiff may file a Second Amended Complaint within **thirty (30) days** in accordance with the terms of this Order. If the Plaintiff fails to amend in accordance with this Order and within the time limit set by the Court, this action will proceed on the original Complaint [Doc. 2] and on the Supplemental Complaint [Doc. 41] against Defendants Barrier, Campbell, Melton, and Slagle pursuant to the Court's prior Orders [Docs. 19, 40].

3. The parties shall have until **September 5, 2022** to complete discovery, and until **October 5, 2022** to file dispositive motions.

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner § 1983 form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: July 9, 2022

Martin Reidinger
Chief United States District Judge