IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00058-MR

| | | |
|---|---|---|
| **BENSON MOORE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **KENNETH LASSITER, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the following motions filed by the pro se Plaintiff: a Motion for Leave to Amend Complaint [Doc. 49]; a Motion for Representation [Doc. 50]; a Motion for Extension of Time to File Superseding Amended Complaint [Doc. 52]; and a Motion for Extension of Time for Pretrial Order and Case Management [Doc. 53].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in the Middle District of North Carolina raising claims that he received inadequate medical care in multiple North Carolina prisons. [See Docs. 2, 8]. The Middle District dismissed all of the claims except those that allegedly occurred at the Mountain View Correctional Institution, and transferred the action to this Court. [Doc. 12]. This Court granted the Plaintiff an opportunity to amend, which he failed to do, and then reviewed the Complaint for frivolity.

[Docs. 11, 15]. Claims of deliberate indifference to a serious medical need passed initial review against several Defendants, and the Plaintiff was allowed to supplement the Complaint with incidents involving the claims that passed initial review which occurred after this action was filed. [Docs. 19, 40]. The Plaintiff attempted repeatedly to amend the Complaint in a piecemeal fashion, which the Court denied. [See Docs. 40, 48]. The Plaintiff was given additional opportunities to amend, most recently, in its July 11, 2022 Order when he was given until August 11, 2022 to amend [Doc. 48]. In that Order, the Court extended the discovery cutoff until September 5, 2022, and the deadline to file dispositive motions until October 5, 2022. [Id.].

The Plaintiff's present Motion to Amend was filed just one day after the Court's July 11 Order and evidently crossed in the mail. [Doc. 49]. It is, therefore, denied as moot. The Plaintiff also seeks an extension of the time to amend due to a delay in his receipt of the July 11 Order and of a blank complaint form. [Doc. 52]. He also asks the Court to extend the discovery cutoff date and the deadline to file dispositive motions. [Doc. 53]. The extensions will be granted for good cause shown.

Finally, in the Motion for Representation, the Plaintiff asks the Court to again appoint North Carolina Prisoner Legal Services (NCPLS) to assist the Plaintiff with discovery.[1] [Doc. 50]. The Court will not repeat its request that NCPLS represent the Plaintiff in this case, which it has previously declined. Further, the Plaintiff has not demonstrated the existence of "exceptional circumstances" that would warrant the appointment of counsel in this civil case. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Therefore, the Plaintiff's Motion for Representation is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion for Leave to Amend Complaint [Doc. 49] is **DENIED AS MOOT.**

2. The Plaintiff's Motion for Representation [Doc. 50] is **DENIED**.

3. The Plaintiff's Motion for Extension of Time to File Superseding Amended Complaint [Doc. 52] and Motion for Extension of Time for Pretrial Order and Case Management [Doc. 53] are **GRANTED**. The Plaintiff has until October 17, 2022 to Amend,

---

[1] In its Pretrial Order and Case Management Plan, the Court appointed NCPLS to assist the Plaintiff with discovery pursuant to its Standing Order in 3:19-mc-60; however, NCPLS was unable to accept the appointment. [Docs. 43, 44].

and the parties have until November 16, 2022 to complete discovery and until December 16, 2022 to file dispositive motions.

**IT IS SO ORDERED**.

Signed: September 26, 2022

Martin Reidinger
Chief United States District Judge