IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00058-MR

| | |
|---|---|
| BENSON MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KENNETH LASSITER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Second Amended Complaint [Doc. 55]. Also pending are a Motion for Frivolity Review of the Second Amended Complaint [Doc. 57] and a Motion for Extension of Time to Answer [Doc. 59] filed by Defendants Mike Slagle, Brandon Barrier, Norma Melton, and Gladys Jean Campbell. The Plaintiff is proceeding in forma pauperis. [See Doc. 16].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action in the United States District Court for the Middle District of North Carolina pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act (ADA) 42 U.S.C. § 12101,

et seq., and the Rehabilitation Act (RA) 29 U.S.C. § 791 et seq.[1] The Complaint named at least 37 state prison officials or personnel as Defendants on allegations that they provided inadequate medical care at several North Carolina prisons, including the Mountain View Correctional Institution (MVCI). The Middle District dismissed all claims and Defendants on initial review except for those connected to incidents that allegedly occurred at MVCI, which claims it then transferred to this Court for further proceedings. [See Docs. 11, 12].

When the case arrived in this Court, the Plaintiff's pending Motion to Amend/Update was denied but the Plaintiff was granted the opportunity to amend, which he failed to do.[2] [Doc. 15]. The Complaint passed initial review for deliberate indifference to a serious medical need against Defendants Slagle, Melton, Barrier and Campbell, and the remaining claims were dismissed without prejudice. [Doc. 19]. The Plaintiff then moved to supplement the Complaint. [Doc. 37]. The Motion was granted to the extent that the Plaintiff made allegations against Defendants Slagle, Melton, Barrier and Campbell for incidents that occurred after the Complaint was filed, but

---

[1] The Complaint also purported to rely on 18 U.S.C. § 242, "NC Statute 735.40.7(g) & 90.22.21" [Doc. 2 at 17] and North Carolina Department of Public Safety policies, but those claims have been dismissed. [Doc. 12 at 3].

[2] This case was assigned to Judge Frank D. Whitney at that time.

2

the Motion was otherwise denied, and the Plaintiff was granted another opportunity to amend. [Doc. 40]. The time to amend was extended [Docs. 48, 54], and the Second Amended Complaint is now before the Court for initial review [Doc. 55].

The Plaintiff again names Slagle, Melton, Barrier, and Campbell as Defendants. He additionally names: Ms. Prior, a psychologist; and Jeffrey Patane, a physician's assistant. [Doc. 55 at 1-4]. He asserts claims under the Eighth Amendment, the Americans with Disabilities Act (ADA),[3] the Rehabilitation Act (RA),[4] and "N.C. Gen. Stat. 735.40.7(5) and #90.22.21(A)…." [Id. at 4]. The Plaintiff seeks compensatory and punitive damages, a jury trial, and any other relief the Court deems necessary. [Id. at 14].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

---

[3] The Plaintiff cites 42 U.S.C. § 12131.

[4] The Plaintiff cites 29 U.S.C. § 794(a).

3

see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Plaintiff appears to reiterate his claims that the Defendants violated the ADA and the RA by failing to provide him with adequate medical treatment. [See Doc. 55 at 4]. These claims were dismissed on initial review of the Complaint for failure to state a claim upon which relief can be granted, and the present ADA and RA claims are dismissed for the same reasons. [Doc. 19 at 7-8].

The Plaintiff's claims for relief under the North Carolina General Statutes Sections 735.40.7 and 90.22.21 were dismissed as frivolous by the

4

Middle District before the case was transferred to this Court. [See Doc. 12 at 3]. The Plaintiff's present assertions of claims under "N.C. Gen. Stat. 735.40.7(5) and #90.22.21(A)" are likewise dismissed as frivolous because no such sections exist, and the Court is unable to determine what claims the Plaintiff is attempting to assert.

The Plaintiff reasserts claims against Defendants Slagle, Melton, Barrier, and Campbell for deliberate indifference to a serious medical need.[5] [Doc. 55 at 8-13]. The Plaintiff's deliberate indifference claims previously passed initial review against these Defendants [Doc. 19 at 10, 12; Doc. 40 at 3], and the present claims are likewise sufficient to proceed.

The Plaintiff also asserts deliberate indifference claims against Defendants Patane and Prior. The Plaintiff claims, *inter alia*, that Defendant Patane: said that the Plaintiff needed to see a psychiatrist but did not refer him to one [Doc. 55 at 6]; "fraudulently" reported to an outside doctor that the Plaintiff experienced side effects from gabapentin, whereas Patane had refused to provide the Plaintiff with that medication [id. at 6]; prescribed the Plaintiff NSAID medication while blatantly disregarding the Plaintiff's digestive issues from prior ibuprofen use [id. at 7]; and discontinued

---

[5] The deliberate indifference standard is set forth in the Court's Order on initial review of the Complaint. [See Doc. 19 at 8-9].

5

medication when the Plaintiff missed an appointment through no fault of Plaintiff's, then refused to treat the Plaintiff when the appointment was rescheduled [id.]. Liberally construing the allegations and drawing all reasonable inferences in the Plaintiff's favor, he has stated a claim against Defendant Patane for deliberate indifference to a serious medical need.

The Plaintiff claims that Defendant Prior was deliberately indifferent by: accepting the opinion of "medical personnel" that the Plaintiff was exaggerating his symptoms and was a "hypochondriac/malingerer"; ignoring the psychological effects and trauma from being forced to endure "unnecessary mental anguish" for years; and "justif[ying] her labelling with a test asking if [Plaintiff] saw dead people-or-heard voices…." [Doc. 55 at 13]. These allegations are too vague and conclusory to plausibly allege that the Plaintiff had a serious psychological need.[6] Moreover, even if the Plaintiff did have a serious psychological need, the Plaintiff has failed to plausibly allege that Defendant Prior was deliberately indifferent to such. The Plaintiff has failed to plausibly allege that Defendant Prior had any reason to know that medical personnel's reports that the Plaintiff was a hypochondriac/ malingerer were inaccurate, and further, the allegations reveal that

---

[6] "A serious psychological impairment can qualify as [a serious] medical need." Buffington v. Baltimore Cnty., Md., 913 F.2d 113, 120 (4th Cir. 1990).

6

Defendant Prior met with the Plaintiff and made at least some independent effort to test the Plaintiff's mental state. The allegations suggest, at most, misdiagnosis or negligence by Defendant Prior rather than deliberate indifference. See Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990) (mere negligence or malpractice does not violate the Eighth Amendment), overruled in part on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994). Accordingly, the deliberate indifference claim against Defendant Prior is dismissed for failure to state a claim upon which relief can be granted.

Defendants Slagle, Barrier, Melton, and Campbell have filed Motions asking the Court to review the Second Amended Complaint for frivolity [Doc. 57], and to extend the deadline to file an Answer for 30 days after the Court rules on the Motion for frivolity review [Doc. 59]. The Motion for Frivolity Review is granted insofar as the frivolity review of the Second Amended Complaint is now complete. The Motion to extend the time to answer is granted for 30 days from the date of this Order. In light of the deadline to file an answer, the deadlines to complete discovery and to file dispositive motions will be extended until January 16, 2023, and February 16, 2023, respectively.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Second Amended Complaint has passed initial review on the Plaintiff's claims against Defendants Melton, Barrier, Campbell, Slagle, and Patane for deliberate indifference to a serious medical need. The remaining claims are dismissed. The Defendants' Motion for Frivolity Review of the Second Amended Complaint and Motion for Extension of Time to Answer are granted as stated in this Order.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Patane, who is alleged to be a current or former employees of NCDPS.

**IT IS, THEREFORE, ORDERED** that:

1. The Second Amended Complaint [Doc. 55] has passed initial review against Defendants Barrier, Campbell, Melton, Slagle, and Patane for deliberate indifference to a serious medical need,

2. The remaining claims are **DISMISSED**.

3. The Defendants' Motion for Frivolity Review of the Second Amended Complaint [Doc. 57] and Motion for Extension of Time to Answer [Doc. 59] are **GRANTED** as stated in this Order.

4. The Answer is due within 30 days of this Order; the deadline to complete discovery is January 16, 2023; and dispositive motions are due by February 16, 2023.

5. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Jeffrey Patane, who is alleged to be a current or former employee of NCDPS.

**IT IS SO ORDERED.**

Signed: November 11, 2022

Martin Reidinger
Chief United States District Judge