IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00058-MR

| | | |
|---|---|---|
| **BENSON MOORE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **KENNETH LASSITER, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Representation Under Amended Complaint" [Doc. 66] and Motion for Order Compelling Discovery [Doc. 67]; and Defendants' Motion for an Enlargement of Time to Respond to Plaintiff's Second Set of Discovery Requests [Doc. 69] and Motion for an Enlargement of Time for Case Management Deadlines [Doc. 70].

The incarcerated Plaintiff, proceeding pro se, filed this action in the United States District Court for the Middle District of North Carolina and, after dismissing all the claims that occurred in that District, transferred the matter here for consideration of the incidents that allegedly occurred at the Mountain View Correctional Institution (MVCI). [See Docs. 11, 12]. In this Court, the Complaint passed initial review on the Plaintiff's claims for deliberate

indifference to a serious medical need against Defendants Slagle, Melton, Barrier, and Campbell, and the remaining claims were dismissed without prejudice. [Doc. 19; see Doc. 40 (Order granting in part and denying in part Motion for Leave to Supplement Complaint)]. These Defendants filed an Answer, and the Court entered a Pretrial Order and Case Management Plan appointing North Carolina Prisoner Legal Services (NCPLS) to conduct discovery on the Plaintiff's behalf and setting deadlines to amend, complete discovery, and file dispositive motions. [Doc. 43]. On January 13, 2022, NCPLS entered a Notice of Non-Representation. [Doc. 44]. The Plaintiff again requested the appointment of NCPLS to assist him with discovery, which was denied. [Docs. 50, 54].

On November 14, 2022, the Second Amended Complaint again passed initial review against Defendants Slagle, Melton, Barrier, and Campbell, and it also passed initial review against Defendant Patane for claims of deliberate indifference to a serious medical need. [Doc. 60]. The Court instructed the Clerk to commence the procedure for waiver of service as to Defendant Patane; it made Defendants' Slagle, Melton, Barrier, and Campbell's Answer to the Second Amended Complaint due within 30 days, and it extended their discovery and dispositive motions deadlines to January 16, 2023 and February 16, 2023, respectively. [Id.]. On December 14, 2022,

the Court extended these Defendants' deadline to respond to Plaintiff's November 10, 2022 discovery requests until January 11, 2023. [See Doc. 63; Dec. 14, 2022 Text-Only Order]. Defendant Patane waived service on January 13, 2023, making his answer due on March 14, 2023. [Doc. 65].

In his present Motion for Representation, the Plaintiff again asks the Court to appoint NCPLS to assist him with discovery "and/or further representation." [Doc. 66]. He argues that exceptional circumstances exist because Defendant Patane is an "important character" in his deliberate indifference claim. [Id. at 1-2]. The Court again declines to re-appoint NCPLS or other counsel because NCPLS has already rejected the appointment, and the Plaintiff has not demonstrated the existence of exceptional circumstances. [See Doc. 54 at 3].

In his Motion to Compel, the Plaintiff asks the Court to compel the Defendants to produce the "entire" North Carolina Department of Public Safety (NCDPS)[1] 2017 Health Care Policy, and an "unmolested medical file…." [Doc. 67 at 1]. Defendants Barrier, Campbell, Melton, and Slagle filed a Response arguing that they should not be required to provide the Plaintiff with the entire policy because such is burdensome, and the policy is

---

[1] NCDPS's name was subsequently changed to the North Carolina Department of Adult Corrections.

3

Case 1:20-cv-00058-MR   Document 73   Filed 02/28/23   Page 3 of 7

publicly available; it already produced the Plaintiff's medical file; and no records were altered or deleted. [Doc. 68]. The Plaintiff has not replied, and the time to do so has expired.

The Plaintiff does not certify in the Motion to Compel that he attempted in good faith to resolve the discovery dispute before engaging the Court's assistance. The lack of certification alone warrants the denial of the Motion. Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). Moreover, these Defendants have satisfied their burden of persuasion, and the Motion to Compel is denied for the reasons set forth in the Defendants' Response. [See Doc. 68].

Counsel for Defendants Barrier, Campbell, Melton, and Slagle seeks a 90-day extension of the deadlines to respond to the Plaintiff's January 12, 2023 discovery requests and of the case management deadlines on behalf of all the Defendants, including Defendant Patane. [Docs. 69, 70]. Counsel argues *inter alia* that: he has not had time to complete the Defense of State Employees Act requirements for representing Defendant Patane; Defendant Patane's Answer is not due until March 14, 2023; the enlargement of time is

4

necessary to adequately respond to the Plaintiff's discovery requests; and having all the Defendants' deadlines coincide would reduce confusion within the scheduling order. Private counsel appeared for Defendant Patane on February 22, 2023. [Doc. 71].

The Motion appears to be moot as to Defendants Barrier, Campbell, Melton, and Slagle. The Court informed the parties in the Pretrial Order that "[d]iscovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown." [Doc. 43 at 4]. The deadline to complete discovery as to Defendants Barrier, Campbell, Melton, and Slagle expired on January 16, 2023. [Doc. 60]. Because the Plaintiff's January 12, 2023 discovery requests would require Defendants Barrier, Campbell, Melton, and Slagle to respond after the expiration of the January 16, 2023 discovery deadline, the requests are untimely and these Defendants had no obligation to respond.[2] Accordingly, the Motion to extend the discovery deadline is denied as moot as to Defendants Barrier, Campbell, Melton, and Slagle. As to the deadline to file dispositive motions with regard to these Defendants,

---

[2] Moreover, it does not appear that the Plaintiff's January 16, 2023 discovery requests address anything new as to these Defendants, against whom the Plaintiff has consistently asserted claims of deliberate indifference to a serious medical need beginning upon his arrival at MVCI, and with whom he had more than a year to engage in discovery. [See Doc. 43 (Pretrial Order and Case Management Plan docketed Jan. 3, 2022)].

counsel has not adequately justified a 90-day extension of time. Private counsel has now appeared for Defendant Patane, so counsel's request for an extension on Patane's behalf appears to be moot. Counsel's desire for dispositive motions as to all parties to coincide does not adequately justify this lengthy extension. As the previously-scheduled deadline to file dispositive motions has now expired, the parties will be granted a brief extension of time, until March 24, 2023, to file dispositive motions as to Defendants Barrier, Campbell, Melton, and Slagle.

As to Defendant Patane, the Plaintiff's discovery requests that are directed to him are premature because Defendant Patane had not yet waived service when the discovery was propounded. [See Doc. 65 (Service waiver docketed Jan. 13, 2023)]; see LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."). The Court anticipates entering a Pretrial Order setting condensed discovery and dispositive motions deadlines as to Defendant Patane upon his filing of an Answer.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion for Representation Under Amended Complaint" [Doc. 66] is **DENIED**.

2. The Plaintiff's Motion for Order Compelling Discovery [Doc. 67] is **DENIED**.

3. The Defendants' Motion for an Enlargement of Time to Respond to Plaintiff's Second Set of Discovery Requests [Doc. 69] is **DENIED AS MOOT.**

4. The Defendants' Motion for an Enlargement of Time for Case Management Deadlines [Doc. 70] is **GRANTED IN PART AND DENIED IN PART** as described in this Order. The deadline to file dispositive motions as to Defendants' Barrier, Campbell, Melton, and Slagle is extended until March 24, 2023.

**IT IS SO ORDERED**.

Signed: February 28, 2023

Martin Reidinger
Chief United States District Judge

7

Case 1:20-cv-00058-MR   Document 73   Filed 02/28/23   Page 7 of 7