IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00058-MR

| | |
|---|---|
| **BENSON MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **KENNETH LASSITER, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion In-Opposition to Def.'s Response to Compel Discovery" [Doc. 74] and Motion for a Preliminary Injunction and a Temporary Restraining Order [Doc. 78].

The incarcerated Plaintiff, proceeding pro se, filed this action in the United States District Court for the Middle District of North Carolina. That Court dismissed all the claims that occurred in that District and transferred the matter here for consideration of the incidents that allegedly occurred at the Mountain View Correctional Institution (MVCI). [See Docs. 11, 12]. The case then passed initial review against Defendants Slagle, Melton, Barrier, Campbell, and Patane. [Docs. 19, 40, 60]. The discovery period for Defendants Slagle, Melton, Barrier, and Campbell expired on January 11, 2023, and the deadline to file dispositive motions as to them expires on April

24, 2023.[1]  [See Dec. 14, 2022 Text-Only Order; March 28, 2023 Text-Only Orders].

The Plaintiff previously moved to compel the Defendants to produce the "entire" North Carolina Department of Public Safety Health Care Policy and his "unmolested medical file." [Doc. 67].  The Court denied the Motion on February 28, 2023 because it did not contain a certification under the Court's Local Civil Rules, it was untimely, and the Defendants satisfied their burden of persuasion.  [Doc. 73]. The Plaintiff also previously sought preliminary injunctive relief with respect to his current place of incarceration. [Doc. 3].  The Court denied the Motion because the Plaintiff failed to establish that preliminary injunctive relief is warranted.  [Doc. 25].

The Plaintiff now asks the Court to relocate him to another prison because the this lawsuit has created a "conflict of interest" with the custody officers and medical staff who are allegedly continuing to harass him and discredit his medical complaints.  [Doc. 78]. This Motion is denied because the Plaintiff has failed to demonstrate that relief is warranted, as previously discussed. [See Doc. 25].

The Plaintiff's present Motion to Compel reiterates his requests for complete interrogatory responses, the Healthcare Policy Manual, and his

---

[1] Separate pretrial deadlines apply to Defendant Patane.  [See Doc. 77].

"unmolested" medical file. [Doc. 74]. This Motion is denied for the reasons previously discussed. [See Doc. 73].

The Plaintiff is cautioned against making further duplicative, frivolous, or otherwise improper filings. In future, they will be stricken or summarily denied, and may result in the imposition of sanctions including a pre-filing injunction.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion In-Opposition to Def.'s Response to Compel Discovery" [Doc. 74] is **DENIED**.

2. The Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order [Doc. 78] is **DENIED**.

3. The Plaintiff is cautioned that future duplicative, frivolous, or otherwise improper filings will be stricken or summarily denied, and may result in the imposition of sanctions including a pre-filing injunction

**IT IS SO ORDERED**.

Signed: April 3, 2023

Martin Reidinger
Chief United States District Judge